[No. 911.]

EX PARTE DENNIS TWOHIG AND CON. FITZGERALD.

HABEAS CORPUS—INQUIRY UPON.—A court is not authorized upon a writ of *habeas corpus* to inquire into the question of fact as to whether or not an indictment, regular upon its face, was ever found by the grand jury.

IDEM—JUDGMENT OF CONVICTION.—A judgment of conviction in the district court, regular upon its face, is conclusive until reversed, and cannot be reviewed upon *habeas corpus*.

APPLICATION for writ of *habeas corpus*.

The petition, among other things, alleged that Twohig and Fitzgerald were jointly tried "upon an indictment, regular upon its face, purporting to have been found by the grand jury of Nye county, for the crime of an assault with intent to kill," committed upon the person of James Jones; that the said indictment was never found by the grand jury, and was presented to the court either by fraud or mistake; that after their trial and conviction, but before sentence, they were informed by seven of the grand jurors that no such indictment had been found against them. The report of the grand jury is attached to the petition, and among other things, shows as follows: "In the case of Dennis Twohig, charged with the crime of an assault with intent to kill, we find a true bill. In the case of Con. Fitzgerald, charged with the crime of an assault with intent to kill, we find a true bill."

Attached to the petition was an affidavit of seven of the grand jurors, to the effect that the said report of the grand jury was correct; that no other indictments were found by said grand jury, and that the said grand jury "found no indictment wherein two persons were jointly indicted."

The other facts sufficiently appear in the opinion.

*W. N. Granger* and *William Woodburn*, for Petitioners.

*John R. Kittrell, Attorney-general,* for the State.

By the Court, HAWLEY, C. J.:

The question sought to be raised by the petition, as to whether or not the indictment upon which Twohig and

Fitzgerald were tried and convicted was ever found by the grand jury of Nye county, cannot be inquired into by the writ of *habeas corpus.*

The return to the writ shows that defendants are held in custody by C. C. Batterman, warden of the state prison, upon regular commitments of conviction for the crime of an assault with a deadly weapon with intent to inflict bodily injury.

It appears from the petition, as well as from the return to the writ, that the indictment and judgment of conviction are regular upon their face.

This being true, it follows from the principles announced in *Ex parte Winston,* 9 Nev. 71, and the authorities there cited, that the judgment of conviction in the district court is conclusive until reversed. It cannot be reviewed upon *habeas corpus.* The principle is too well settled to require discussion.

The writ is dismissed, and the prisoners are remanded to the custody of the warden.