## SMITH *v.* MILTON, sheriff.

1. Where an application for the writ of habeas corpus affirmatively shows on its face that the restraint complained of is legal, the court before whom the writ is made returnable has the power, on general demurrer, to dismiss the writ and remand the applicant. In such instance the general demurrer, under our practice, serves the purpose of a motion to quash the writ for insufficiency of allegation in the petition.

2. One imprisoned under a bench-warrant regular on its face and issued by a judge of competent jurisdiction will not be released on habeas corpus because the grand jury that found the indictment on which the warrant issued was illegal.

3. A writ of error is the available remedy, the warrant not being void but merely voidable.

No. 1235. MARCH 15, 1919.

Habeas corpus. Before Judge Morris. Gilmer superior court. November 2, 1918.

*B. L. Smith,* for plaintiff.

*Herbert Clay, solicitor-general,* for defendant.

GEORGE, J. Claude Smith, averring that he was being illegally restrained of his liberty by R. L. Milton, sheriff and jailer of Gilmer county, presented to the judge of the superior court his petition for the writ of habeas corpus, alleging substantially the following: Petitioner is held under and by virtue of three bench warrants issued by the judge of the superior court upon three separate indictments returned by the grand jury of said county at the May term, 1918, charging petitioner with murder, with public drunkenness, and with having in his possession a quantity of whisky. In August, 1916, the legally appointed and qualified jury commissioners of said county revised the jury lists of said county, as required by law, and the lists so revised contained the legally qualified grand and traverse jurors for said county for the two years next ensuing. In April, 1917, two of the jury commissioners having resigned, the judge of the superior court, by order, removed the four remaining commissioners and appointed six other named citizens of said county. In May, 1917, in a mandamus proceeding brought by certain citizens and taxpayers of the county (to which petitioner was not a party) against the newly appointed commissioners, the judge of the superior court ordered a revision of the jury lists of said county, and the defendant commissioners, at the time named, proceeded to revise the lists as ordered. The persons serving as grand jurors at the

May term, 1918, of said superior court were drawn from the box thus made up by the new board. Only eight of the persons who acted as grand jurors and returned the indictments against petitioner were in the jury-box as legally made up by the old commissioners in August, 1916. The acts of the new board of commissioners are nugatory and void; the indictments against petitioner, as well as the bench warrants issued thereon, are likewise nugatory and void. The jury commissioners revised the jury lists, as required by law, in 1916; and the judge of the superior court of Gilmer county had no authority to order the revision in 1917. Copies of the several orders, of the mandamus proceeding, and of the indictments and warrants were attached to the petition. The indictments and warrants were in all respects regular in form. The sheriff answered, denying the illegality of the restraint, but admitting that petitioner was held under the warrants issued by the judge of the superior court upon the indictments returned by the grand jury as alleged. He also demurred generally to the petition for the writ, upon the ground that the allegations thereof affirmatively showed that the restraint was lawful. The judge sustained the general demurrer, dismissed the petition and writ, and remanded the petitioner. He excepted, and contends that the court should have declined to consider the demurrer to the petition for the writ of habeas corpus, but should have determined the legality of the restraint upon the merits; the writ having issued and he having been brought before the court to receive its judgment. *Simmons* v. *Georgia Iron &c. Co.*, 117 *Ga.* 305 (3) (43 S. E. 780, 61 L. R. A. 739), is cited to support this contention. In that case it was ruled: "The technical rules of pleading are not applicable in a proceeding of this character; and where a writ has been issued and in response thereto the person detained has been brought into court, it is not the proper practice to demur to the petition for want of sufficient allegations. While a motion to quash the writ may be made on this ground, the better practice, when the person detained is before the court, is to inquire into the cause of the restraint and pass such order as the justice of the case requires."

In *Plunkett* v. *Hamilton*, 136 *Ga.* 72, 80 (70 S. E. 781, 35 L. R. A. (N. S.) 583, Ann. Cas. 1912B, 1259), it was said: "It [the writ of habeas corpus] is peculiarly a writ which involves substance, not mere technical skirmishing. The question is whether the de-

tention is lawful or not, rather than whether niceties of pleading and· exactness of allegation have been duly followed;" citing the *Simmons* case, supra. However, the *Simmons* case admits the power of the court, on motion, to quash the writ because of insufficient averments in the petition, and at page 312 of the opinion it is said: "Of course, if the petition clearly shows on its face that the detention is lawful, there is nothing to investigate." We are of the opinion that the petition for the writ in the instant case clearly shows on its face that the alleged illegal restraint was lawful; and that the court did not err in sustaining the general demurrer thereto, which, in a proceeding of this character, serves the purpose of a motion to quash the writ.

Conceding, without deciding, that the names of the persons selected to serve as grand jurors were not on the legally constituted grand-jury list, nor in the grand-jury box of the county, the case is only the common one of an indictment and warrant of the judge based thereon, merely voidable, not void, and the law's step to make it void is writ of error, not habeas corpus. It is universally recognized that habeas corpus is not a substitute for a writ of error. 1 Bishop's Crim. Proc. § 1410 (2) ; *McFarland* v. *Donaldson,* 115 *Ga.* 567, 568 (41 S. E. 1000). The accused may waive defects in the indictment, gross irregularities in selecting the grand or trial jury, and conceded disqualification of the grand or trial jurors. It has been held that after· a conviction on an indictment regular on its face, yet alleged never to have been found by the grand jury, habeas corpus is not the remedy. · Ex parte Twohig, 13 Nev. 302. It has also been held that the fact that the grand jury which found the indictment was illegal will not be considered upon hearing of habeas corpus. Ex parte Springer, 1 Utah, 214. See also 12 R. C. L. 1190, 1191,· and note to State *v.* Smith, 100 Am. St. R. 26, 36. Objections to the grand jury must be made by challenge, or raised by plea in abatement, according to the circumstances. *Teem* v. *Cox,* 148 *Ga.* 175 (96 S. E. 131). Our Penal Code (§ 1305) declares: "No person shall be discharged upon the hearing of a writ of habeas corpus in the following cases: . . Where the party is imprisoned under a bench warrant regular upon its face." And section 957 defines a bench-warrant to be a warrant "issued by a judge for the arrest of one accused of a crime by a grand jury." The jurisdiction of the court is not destroyed or

taken away by the alleged disqualification of the grand jury; and the indictments and warrants being regular upon their faces, habeas corpus will not avail the plaintiff in error.

*Judgment affirmed. All the Justices concur.*