## FOUNTAIN v. TARVER, sheriff.

GEORGE, J. Fountain was held in custody by the sheriff of the county under a writ of ne exeat issued by the judge of the superior court. He applied to the judge of the city court for the writ of habeas corpus. The writ issued as prayed, and upon the hearing the petitioner was remanded to the custody of the sheriff, the respondent. The controlling question is whether, upon the face of the record, the judgment under which the applicant was held is valid. The petition for alimony alleged that no divorce between the parties was pending, but that they "are now living in a bona fide state of separation, which was brought about by no fault on the part of this petitioner." The contention is that the petition (and the judgment thereon) is void, because it did not use the language of the statute, to wit: "voluntary separation," and did not allege that the wife, against her will, was "either abandoned or driven off by her husband." Civil Code, § 2983. *Held*, that the petition is good against general demurrer or motion in arrest of judgment, and the judgment based thereon can not be held void in a habeas-corpus proceeding. See Civil Code, § 2986.

(a) It will be presumed that the judge of the superior court acted upon sufficient evidence in ordering the writ to issue. If for any of the reasons urged the judgment is voidable, the law's step to make it void is writ of error, not habeas corpus. *Smith* v. *Milton*, 149 *Ga.* 28 (2, 3), 30 (98 S. E. 607).

(b) The judge of the city court could not go behind the judgment of the superior court and inquire whether, subsequently to the judgment, the husband and wife had resumed cohabitation.

*Judgment affirmed. All the Justices concur.*

No. 2023. OCTOBER 12, 1920.

Habeas corpus. Before Judge Clayton Jones. City court of Albany. April 13, 1920.

*Claude Payton,* for plaintiff.

*Pottle & Hofmayer,* for defendant.