after that time was never competent to make a conveyance to your petitioner to said land."

The action was dismissed on general demurrer, and the plaintiff excepted.

*John E. Drake* and *W. V. Custer,* for plaintiff.

---

## COLEMAN, sheriff, *v.* GRIMES.

Where an application for the writ of habeas corpus shows on its face that the detention of the person whose release is sought is not illegal, as claimed in the application, but that in fact it is legal and under lawful authority, the application should be dismissed upon motion or upon general demurrer. This ruling is not in conflict with those cases holding that applications which are defective in form and insufficient from the standpoint of good pleading will not be dismissed, where the person restrained of his liberty is, in response to the writ, brought before the court, and the court, notwithstanding the defects in the pleadings or the writ, will inquire into the cause of the detention and render judgment according to the facts.

No. 3198. JANUARY 25, 1923.

Habeas corpus. Before Judge Hardeman. Emanuel superior court. March 29, 1922.

*R. H. Humphrey* and *Arthur W. Jordan,* for plaintiff in error.
*F. H. Saffold,* contra.

BECK, P. J. On March 18, 1922, Mrs. Minnie Grimes presented to the judge of the superior court of Emanuel County her petition for habeas corpus, wherein she alleged, that J. H. Wyatt, her father, whose release from custody she sought, was held in jail by Otis Coleman, sheriff of the county, under and by virtue of a judgment of the judge of the city court of Swainsboro, remanding him to jail under a bail-trover proceeding; and that the judgment under which he was being held showed upon its face that, as a matter of law, it was in effect an order discharging Wyatt from jail under his application for release from custody under the bail-trover process. A copy of the petition, and of the judgment of the city-court judge, is attached to the bill of exceptions. The respondent demurred generally to the petition for habeas-corpus, for the reason that it failed to set forth any cause of action, etc. The court overruled the demurrer, and without hearing evidence, but upon the case as made by the pleadings, discharged the prisoner; and the respondent excepted.

·We are of the opinion that the court erred in refusing to dismiss the petition for habeas corpus upon general demurrer. The petition shows on its face that the detention of the party whose release was sought in the habeas-corpus proceeding was not illegal. It is true that in the petition for habeas corpus it is alleged that the detention and imprisonment of Wyatt is illegal; but in the petition itself in connection with this allegation are set forth facts that destroy the validity of the ground upon which the release of the person who is detained is sought; for it is alleged in the petition that J. H. Wyatt is detained in jail by the sheriff, and that this is being done under a judgment rendered by the judge of the city court of Swainsboro. This judgment is one remanding Wyatt to jail, and is as follows: " The above and within case coming·on for a hearing on this date, and after hearing the evidence produced and argument of counsel, ·it is the judgment of the court that the application be denied and the defendant be remanded, for the reason· that it does not satisfactorily appear that the applicant, J. H. Wyatt, is unable to give the bond and security required by law. It does appear that the applicant is unable to produce the property; but the judgment of the court is based on the opinion the court entertains that the defendant applicant, J. H. Wyatt, herein, is not. unable to comply with the law with reference to giving bond and security. Let the applicant pay the cost of these proceedings. This March 9, 1922." (Signed by the judge of the city court.)

This judgment shows that it was rendered in a habeas-corpus proceeding; and while no part of that proceeding, other than the judgment, is set forth, it is clearly inferable that it was rendered upon petition by Wyatt for his release from confinement brought about by the failure to deliver certain property sought to be recovered in bail-trover proceedings. At any rate, whether we are authorized to make this inference or not, the judgment is regular on its face; and nothing is alleged or shown to affect its regularity or validity, except the allegation in the present petition for habeas corpus, to the effect that " such judgment shows on its face, taken as a whole, that it is a discharge of the said Wyatt, and therefore the sheriff and jailer are holding him without authority to do so." The judge of the superior court overruled the demurrer, and then, upon the allegations appearing in the pleadings, without

hearing evidence, discharged the prisoner. This is not a case in which an application is made, after one is committed to jail or after a writ of habeas corpus is denied, for release on habeas corpus on account of changed conditions, or new evidence showing the prisoner's inability to comply with the order granted by the judge as to the production and surrender of property. A writ of this character and the petition upon which it is based should not be dismissed because of any lack of form, or even because of any lack of clearness in stating the grounds upon which the contention is based that the imprisonment is unlawful. The present application for habeas corpus is sufficient as to form, and it is not lacking in clearness. It shows clearly that the detention was under a judgment of a court of competent jurisdiction, and it shows clearly that the applicant insists that that judgment is void. It is not void, and does not amount, as the applicant contends, to a judgment discharging the prisoner. In the case of *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739), it was said: "The writ of habeas corpus is a writ of right, and its beneficient effects ought not to be dissipated by subtle objections and technical niceties. Of course, if the petition clearly shows on its face that the detention is lawful, there is nothing to investigate. But if it is merely lacking in that fullness which the statute and good pleading require, and shows that a claim is made by the applicant that the detention is illegal, the writ ought not not to be quashed after the person detained has been brought into court, but an inquiry into the cause of the detention ought to be instituted." Here, in the language of the writer of the opinion from which the quotation is taken, there is nothing to investigate. If the applicant had merely alleged that Wyatt was restrained of his liberty, and that the restraint was illegal, without giving any grounds upon which the application was based, and the sheriff responded by producing the prisoner in court, the court might, in answer to any objections to the form of the application, have said: "The purpose of the writ was to bring the prisoner before the court. He is here, and the court will investigate the case and the cause of the prisoner's detention, notwithstanding the insufficiency of the application, from the standpoint of good pleading." But such is not the instant case. As pointed out above, the answer to the applicant's complaint is furnished in the complaint itself, when

considered in connection with the exhibit attached thereto, the judgment rendered by the city-court judge. Therefore the judgment of the court below discharging the prisoner must be reversed.

The refusal of the court to stay the discharge of the prisoner until a bill of exceptions could be prepared and a supersedeas could be obtained is not ground for reversal of the judgment; though it would have been better practice for the court to allow a reasonable time in which to file a bill of exceptions.

*Judgment reversed. All the Justices concur, Russell, C. J., and Gilbert, J., specially.*

RUSSELL, C. J. I concur in the judgment, because I am bound by the ruling of this court in *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607). This decision was rendered by an unanimous court of six Justices, and thereby superseded the ruling in *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (supra), which was followed in *Plunkett* v. *Hamilton,* 136 *Ga.* 80 (70 S. E. 781, 35 L. R. A. (N. S.) 583, Ann. Cas. 1912B, 1259), in which only five Justices participated. Personally, I am unalterably fixed in the conviction that the summary remedy provided by habeas corpus is too comprehensive, too urgent, and altogether too essential as a means of preserving, in proper cases, the right of personal liberty, to allow the use of a demurrer as an instrument in mere technical skirmishing, while a prisoner stands before the court, and when the only substantial question raised by the petition is whether the detention is lawful. I think the rule announced in *Smith* v. *Milton,* supra, and followed in later cases, should be reviewed and overruled; but I must admit that, in the present stage of our adjudication upon the point involved, the decision in this case is legally correct. And so I concur in the result.