## McDOWELL et al. v. GOULD.

ATKINSON, J. 1. Strict technical pleadings are not required in a habeas-corpus proceeding, between rival contestants for custody of a minor child. *Wilkinson* v. *Lee,* 138 *Ga.* 360 (75 S. E. 477, 41 L. R. A. (N. S.) 1013). Where a writ has been issued and in response thereto the child has been brought into court, the better practice is to inquire into the evidence necessary to a proper decision of the case, unless the petition alleges facts which show affirmatively as a matter of law that the respondent is entitled to the custody of the child. Where the petition is of such character, a general demurrer will be treated as a motion to quash, and the petition may be dismissed. When infants are brought before a habeas-corpus court, the court will exercise its discretion as to their custody; and unless such discretion has been flagrantly abused, a reviewing court will not interfere. *Boyd* v. *Glass,* 34 *Ga.* 253 (89 Am. D. 252).

(a) The foregoing pronouncement that strict rules of pleadings are not required in habeas-corpus proceedings states the law that is also applicable in habeas-corpus proceedings where a person is illegally restrained of his liberty. *Simmons* v. *Georgia Iron &c. Co.,* 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739) ; *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607), and cit.

(b) In a habeas-corpus proceeding instituted by the maternal grandmother of an orphan infant 18 months old, against the sister of the infant's father

and her husband, for the custody of the infant, the petition alleged that the parents of the infant were residents of the County of Wayne in the State of Michigan, and that the infant was also a resident and citizen of Wayne County, Michigan, from the date of its birth until the institution of the suit; that the petitioner was the guardian of the person and property of the infant by appointment of the proper court of Wayne County, Michigan; that after the death of its father its mother brought the infant from Michigan to Georgia to visit the parents of the infant's deceased father, and that said mother died at the home of the parents of the infant's father, and the infant came into the custody of the defendants, who were claiming possession under some pretended claim without any right or authority. The petition did not set forth the letters of guardianship, nor were the letters of guardianship filed in the habeas-corpus court at the time the petition was filed. The respondents filed a plea in abatement, on the ground of the failure to attach an exemplification of the letters of guardianship to the petitioner. At the hearing the court allowed the petitioner to amend by setting up an exemplification of the letters of guardianship. The respondents also demurred upon the grounds: (a) "The petition sets out no cause of action against the respondents or either of them, nor does it set out any ground or reason why the writ of habeas corpus directed to them should issue." (b) "The petition sets out no reason why respondents should not retain the custody of the child, Amos Hayes Jr., referred to in the petition." (c) "The petition fails to show any reason or ground for the issuance of the writ of habeas corpus in petitioner's favor, and shows no right in petitioner to the custody or control of the child, Amos Hayes Jr., referred to in the petition." (d) "The petition shows on its face that it is brought by a guardian appointed by a court of the State of Michigan, and shows that the sole ground of recovery set out by the petitioner is her said guardianship. As matter of law, a guardian appointed by the courts of Michigan has no legal right by virtue of such office to exercise any custody or control over the person of his ward in the State of Ga." (e) "The petition is not verified by the oath of the applicant or some other person in her behalf." (f) "The affidavit made for the purpose of having the child referred to in the petition arrested was not made by the applicant." (g) "The petition shows on its face that it is brought by a guardian appointed by a Michigan court; yet there is not annexed to said petition or filed with it a properly authenticated exemplification of petitioner's letters of guardianship, the petition showing on its face that the sole ground relied on by the petitioner in order to prevail is the fact of her said guardianship." (h) "The petition does not allege that respondents are unfit persons to have the custody and control of the child, Amos Hayes Jr., referred to in the petition, or that it would be for the best interests of said child that his custody and control be awarded petitioner." The demurrer was overruled. *Held*, that under application of the foregoing principles the judge did not err in striking the plea in abatement or in overruling the demurrer to the petition.

2. "The place of a child's birth is in law its domicile if it were at the time the domicile of its parents. . . The domicile of birth of a minor continues until he has obtained a new domicile. . . A minor is incapable

of changing his domicile during minority. Nor can a stranger, without the consent of the minor's father (if in life), change it by removing his person." *Taylor* v. *Jeter,* 33 *Ga.* 195 (81 Am. D. 202).

3. In all writs of habeas corpus sued out on account of the detention of the child, the court on hearing all the facts may exercise its discretion in awarding the custody of the child. Such discretion, however, is not arbitrary or unlimited, but is a discretion guided and governed by the rules of law. The power ought to be exercised in favor of the party having the legal right, unless the circumstances of the case would justify the court, acting for the welfare of the child, in refusing it. *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48).

4. Where an infant is a citizen and resident of another State by reason of having been born in that State of which its parents were citizens and residents at the time of its birth and having continued to be such citizens and residents thereafter, the courts of that State have jurisdiction to appoint a guardian of the person and property of such infant.   12 R. C. L. 1113, § 14, notes 6, 7.

5. Where upon the death of both parents of an infant, who were citizens of another State as just indicated, the maternal grandmother of the infant is appointed guardian of the person and property of the infant by the proper court in such other State, the guardian acquires the legal right to the possession of the infant, which the courts of this State should recognize in habeas-corpus proceedings instituted in this State for custody of the child.

6. On exception to a judgment in habeas-corpus proceedings, where the judgment of the trial court is affirmed on the controlling questions in the case, a reversal will not be granted on account of the refusal of the judge to grant a supersedeas preserving the status until the case can be decided by the Supreme Court, whether or not such refusal was a proper exercise of discretion on the part of the trial judge. *Hamrick* v. *Rouse,* 17 *Ga.* 56 (5). The case differs from *Brandon* v. *Brandon,* 154 *Ga.* 661 (115 S. E. 115), where the judgment was reversed on its merits and it was held that the judge under the facts of that case should have granted a supersedeas.

7. An assignment of error upon admission of evidence can not be considered unless the evidence alleged to have been illegally admitted is set forth literally or its substance stated either in the motion for new trial or in the bill of exceptions brought to this court. *Pearson* v. *Brown,* 105 *Ga.* 802 (31 S. E. 746); *Hicks* v. *Webb,* 127 *Ga.* 170 (5) (56 S. E. 307); *McMichael* v. *Atlanta Envelope Co.,* 151 *Ga.* 776 (3) (108 S. E. 226, 26 A. L. R. 149). The fifth and sixth assignments of error complain of rulings of the court in allowing answers to certain questions propounded to a witness on direct examination, over stated objections, without stating literally or in substance the answers that were made to the questions.

8. On direct examination a witness for the plaintiff was asked, "Did you hear Gladys Hayes say where she lived during her married life?" Objection was urged to the question, on the ground that it sought to elicit hearsay testimony, which objection the court overruled, and permitted the witness to answer the question as follows:   "Gladys Hayes always lived in Michigan." The ruling of the court was excepted on the ground that it was contrary to law. There was no merit in this ground of exception.

9. While the respondent, Ann McDowell, was being examined as a witness in her own behalf she was asked on direct examination the question, "State whether or not you have made application to be guardian for the child in Early County." The question was objected to on the ground that the answer sought to be elicited was not material and was illegal. The court sustained the objection, and refused to allow the witness to answer the question. This ruling was assigned as error, "because contrary to law." This ground of exception is insufficient, because it fails to state the answer that the witness would have given if she had been permitted to testify.

10. Under the evidence the judge did not abuse his discretion in awarding the custody of the child to the petitioner.

*Judgment affirmed. All the Justices concur.*

No. 6402. JULY 10, 1928. REHEARING DENIED AUGUST 22, 1928.

Habeas corpus. Before Judge Yeomans. Early superior court. November 12, 1927.

*Lowrey Stone* and *C. W. Worrill,* for plaintiffs in error.

*A. H. Gray,* contra.