WILCOXON *v.* ALDREDGE, sheriff.

No. 13703. JULY 9, 1941. REHEARING DENIED JULY 23, 1941.

*William S. Shelfer, E. P. Tuttle,* and *Randolph W. Thrower,* for plaintiff.

*John A. Boykin, solicitor-general,* and *Durwood T. Pye,* for defendant.

REID, Chief Justice. Lewis Wilcoxon, colored, was convicted of rape. There was no recommendation of mercy, and in accordance with the Code, § 26-1302, he was given the penalty of death. The sentence provided that until the time for his execution he be confined in the common jail of Fulton County. Pending his incar-

ceration there he presented to the judge of the superior court of that county a petition for habeas corpus. On the return day of the writ the sheriff produced the applicant before the judge. One of the attorneys representing the applicant moved for a continuance because of illness of himself and associate counsel. The court overruled the motion, and remanded the applicant to custody. This order was in part as follows: "On consideration of the allegations of the petition itself, it is adjudged that the prisoner is in legal custody, and that this court is without jurisdiction or authority to review the trial in the superior court of Cobb County."

The inherent merit of the motion for continuance is undisputed. See Code, § 81-1413. It was overruled solely on the idea that the allegations of the petition for habeas corpus disclosed legal detention, and that a continuance could be of no benefit to the applicant. We are committed to the proposition that if the grounds of a petition for habeas corpus are insufficient in law to show that the detention is illegal, it may be dismissed on demurrer or motion to quash. *Simmons* v. *Georgia Iron & Coal Co.*, 117 *Ga.* 305 (3) (43 S. E. 780, 61 L. R. A. 739); *Smith* v. *Milton*, 149 *Ga.* 28 (98 S. E. 607); *Coleman* v. *Grimes*, 154 *Ga.* 852 (115 S. E. 641); *McDowell* v. *Gould*, 166 *Ga.* 670 (144 S. E. 206); *Brown* v. *Harden*, 150 *Ga.* 99 (102 S. E. 864); *Kinman* v. *Clark*, 185 *Ga.* 328 (195 S. E. 166); *Aldredge* v. *Williams*, 188 *Ga.* 607 (4 S. E. 2d, 469). There was no demurrer or motion to quash here, but there is no suggestion that the judge would not have the power in such proceeding to test the sufficiency of the petition, ex mero motu. See *Moody* v. *Davis*, 10 *Ga.* 403; *Goodrum* v. *State*, 60 *Ga.* 509; *Shore* v. *Brown*, 19 *Ga. App.* 476 (91 S. E. 909); *Kelly* v. *Strouse*, 116 *Ga.* 872, 893 (43 S. E. 280). If the judge's conclusion be found correct, which was substantially that the petition for habeas corpus disclosed no ground for issuance of the writ, there could be no reversible error in refusing to grant the continuance, though it was otherwise meritorious. *Jim* v. *State*, 15 *Ga.* 535; *Hodges* v. *State*, 95 *Ga.* 497 (20 S. E. 772); *Tillinghast* v. *Nourse*, 14 *Ga.* 641; *Brumby* v. *Barnard*, 60 *Ga.* 292; *Mayor &c. of Buford* v. *Medley*, 58 *Ga. App.* 48 (197 S. E. 494). We may then pass on to the determination of the correctness of the ruling by the judge in respect to the petition for habeas corpus.

In the trial judge's order and opinion rendered in connection

636

therewith are references to the fact that the applicant was convicted in Cobb superior court, and was incarcerated in Fulton County for safekeeping pending the time for the execution of his sentence; and there is some suggestion that a judge of the superior court of Fulton County had no jurisdiction to entertain the petition, for the reason that it would amount to an intrusion upon the jurisdiction of Cobb superior court of the defendant until its sentence was carried out. This is, we believe, untenable. A judge of the superior court has full jurisdiction to entertain a petition for habeas corpus for any person detained within his circuit, even though the detention be under a judgment of a superior court of another circuit. *Simmons* v. *Georgia Iron & Coal Co.*, supra; *McBride* v. *Graeber*, 16 *Ga. App.* 240 (85 S. E. 86); *Day* v. *Smith*, 172 *Ga.* 467 (157 S. E. 639). The applicant was detained in Fulton County, and as we view it the only judge of the superior court that in fact had jurisdiction to entertain his petition was a judge of that county. It is of course fundamental that a writ of habeas corpus sought by one convicted of crime, who seeks thereby to obtain his liberty, can be maintained only for defects such as render the judgment of conviction void, and can not be made a substitute for a writ of error or other remedial procedure for the correction of errors and irregularities (*Wells* v. *Pridgen*, 154 *Ga.* 397, 114 S. E. 355, and cit); and if the petition in the present case was one of the latter character, it could not be successfully maintained either before a judge of the superior court of Fulton County or before the judge of the superior court in which the applicant was convicted. On the other hand, if it set up meritorious grounds for issuance of the writ, the judge of the superior court of Fulton County had jurisdiction to entertain it, since the applicant was detained in that county, irrespective of the fact that the judgment of conviction was rendered in the superior court of Cobb County. Our opinion is that the place of conviction has no materiality in determining the validity of the petition for habeas corpus. Of course, had it appeared that the case was still pending in Cobb superior court by virtue of a motion for new trial or other remedial procedure undisposed of, a different question would have been presented.

One complaint made in the petition is that members of applicant's race were systematically and arbitrarily excluded from the

jury lists of Cobb County, in violation of the 14th amendment of the Federal constitution, and art. 1, sec. 1, par. 3 of the State constitution (Code, §§ 1-815, 2-103). This does not present a ground for habeas corpus, for the reason that an objection of this kind should have been presented in a proper way at the trial, and upon failure to do so it is to be considered as waived. *Phillips* v. *Brown,* 122 *Ga.* 571 (50 S. E. 361); *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607). We are of course familiar with the rulings of the Supreme Court of the United States, that "Exclusion of all negroes from a grand jury by which a negro is indicted, or from the petit jury by which he is tried for the offense, resulting from systematic and arbitrary exclusion of negroes from the jury-lists solely because of their race or color, is a denial of the equal protection of the laws guaranteed to him by the 14th amendment." *Norris* v. *Alabama,* 294 U. S. 587 (55 Sup. Ct. 579, 79 L. ed. 1074); *Strouder* v. *West Virginia,* 100 U. S. 303 (25 L. ed. 684); *Ex parte Virginia,* 100 U. S. 339 (25 L. ed. 676); *Gibson* v. *Mississippi,* 162 U. S. 565 (16 Sup. Ct. 904, 40 L. ed. 1075); *Rogers* v. *Alabama,* 192 U. S. 226 (24 Sup. Ct. 257, 48 L. ed. 417); *Martin* v. *Texas,* 200 U. S. 316 (26 Sup. Ct. 338, 50 L. ed. 497); *Hollins* v. *Oklahoma,* 295 U. S. 394 (55 Sup. Ct. 784, 79 L. ed. 1500); *Hale* v. *Kentucky,* 303 U. S. 613 (58 Sup. Ct. 753, 82 L. ed. 1050); *Pierre* v. *Louisiana,* 306 U. S. 354 (59 Sup. Ct. 536, 83 L. ed. 757). See *Wilson* v. *State,* 69 *Ga.* 224, 236, 237; *Bashlor* v. *Bacon,* 168 *Ga.* 370 (147 S. E. 762). In all of those cases the point was timely made, and was not, as here, presented after conviction, by a petition for habeas corpus. The applicant had the right to require a jury, both grand and petit, duly organized in accordance with constitutional principles; but he could not either negligently or purposely stand silently by in this respect, taking the chances of an acquittal, and upon conviction seek to thus nullify his trial. It is settled that constitutional questions may be waived by failure to comply with reasonable procedural requirements. *Frank* v. *Mangum,* 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969); *Meyers* v. *Whittle,* 171 *Ga.* 509 (156 S. E. 120); *In re Wood,* 140 U. S. 278 (11 Sup. Ct. 738, 35 L. ed. 505), it was recognized that a failure to raise a question of the character now involved in the trial court would amount to a waiver so that habeas corpus would not lie. See *In re Jugiro,* 140 U. S. 291 (11

Sup. Ct. 770, 35 L. ed. 510); Andrews *v.* Swartz, 156 U. S. 272 (15 Sup. Ct. 389, 39 L. ed. 422); Hale *v.* Crawford, 65 Fed. 2d, 739; Taylor *v.* Hudspeth, 113 Fed. 2d, 825; State ex rel. Dunlap *v.* Utecht, 206 Minn. 41 (287 N. W. 229); 29 C. J. 42; *Yeates* v. *Roberson,* 4 *Ga. App.* 573 (62 S. E. 104).

■ What is here said is equally applicable to a complaint that a confession was not admissible in evidence, because it was in fact obtained by duress. If this be true and had been shown, the confession would have been inadmissible (Code, § 38-411); but the applicant is not now at liberty to prove, by way of a petition for habeas corpus, that it was involuntary. The judgment of conviction forecloses that question, except in proceedings provided for the review and correction of errors.

■ The remaining complaint is that the applicant was deprived of the benefit of counsel, which is guaranteed him by the constitution of this State and of the United States. Under our constitution, "every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel" (art. 1, sec. 1, par. 5; Code, § 2-105); and a denial of counsel likewise constitutes a violation of the 14th amendment to the Federal constitution. Powell *v.* Alabama, 287 U. S. 45 (53 Sup. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527). The applicant charged in his petition that the two attorneys appointed by the court to represent him were either so ignorant, inexperienced, or grossly lacking in appreciation of their responsibility as to amount to virtually no representation, and that accordingly he was not given the full benefit of his right to counsel. In *Williams* v. *State,* 192 *Ga.* 247, 257 (15 S. E. 2d, 219), we recognized the rule to be that "if appointed attorneys are so ignorant, negligent, or unfaithful that the accused was virtually unrepresented, or did not in any real or substantial sense have the aid of counsel, he would be deprived of a fundamental constitutional right, and if convicted might successfully complain that he had been denied due process of law." Whether a denial of counsel constitutes a valid ground for issuance of the writ of habeas corpus was left open in *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469); *Sanders* v. *Aldredge,* 189 *Ga.* 69 (5 S. E. 2d, 371); *Harris* v. *Norris,* 188 *Ga.* 610 (4 S. E. 2d, 840). In Johnson *v.* Zerbst, 304 U. S. 458 (58 Sup. Ct. 1019, 82 L. ed. 1461), it was held that the writ would lie on such ground in favor

of one convicted in the Federal courts. The Supreme Court pointed out that the reasoning used above in regard to the other complaints made was not applicable to a ground of this character. It was said: "The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and the guaranty would be nullified by a determination that an accused's ignorant failure to claim his rights removes the protection of the constitution." That decision appears to represent the weight of authority on this point, and we consider the ruling sound. Ex parte Robnett (Okla. Cr.), 101 Pac. 2d, 645; Com. ex rel. Schultz v. Smith, 139 Pa. Super. 357 (11 Atl. 2d, 656); Blood v. Hudspeth, 113 Fed. 2d, 470; Garrison v. Johnston, 104 Fed. 2d, 128; Nivens v. Hudspeth, 105 Fed. 2d, 756; Zahn v. Hudspeth, 102 Fed. 2d, 759. The deprivation of counsel is such a fundamental and radical error that it operates to render the trial illegal and void. It follows that the charge that the applicant was denied the benefit of counsel, if meritorious, constituted a ground for issuance of the writ of habeas corpus; and the order remanding the applicant to custody, which was clearly based on the ground that none of the complaints were appropriate to a petition for habeas corpus, but simply called for a review of alleged errors in the trial, was to this exent erroneous. It is contended that the facts set out in the petition were insufficient to support the general allegations of deprivation of counsel, under the rule recognized in the *Williams* case, supra. The judge did not pass on this question in remanding the applicant to custody, and we do not believe we should go into it for the purpose of ascertaining whether his judgment might be affirmed on that ground. He denied the motion for continuance and ex mero motu summarily disposed of the application; and in doing so he appears to have been prompted by the erroneous conviction that for him to entertain further the petition would be an intrusion upon the jurisdiction of the superior court of Cobb County. It is true that he could have tested the sufficiency of the allegations of the petition in this connection; but we can not know that he would have done so if he had correctly concluded that the complaint was one which might appropriately be made in a petition for habeas corpus. In such he may have done so; or, on the other hand, he may have disregarded the question of the sufficiency of

the allegations of the petition, and conducted a hearing and investigation into the real truth and merits of the charge made. Ordinarily the latter course constitutes the better practice (*Simmons v. Georgia Iron & Coal Co.*, supra), though this is a matter that should be determined by the judge in the exercise of his discretion. We of course can not know what might have been shown on a full hearing of the matter. In view of these facts we think, under the power of this court to enter such order and direction as it may deem proper, that the judgment should be reversed, and the case remanded to the trial court for further adjudication in connection with this complaint. It is accordingly so ordered.

*Judgment reversed. All the Justices concur.*