## McKAY *v.* FOSTER, Sheriff.

JENKINS, Chief Justice. Exception is taken by George McKay (colored), held after conviction for murder, to the denial of a petition for habeas corpus taken out against A. B. Foster, Sheriff of Fulton County. The ground of the petition is that the grand jury which indicted the petitioner, and the panels of the petit jury put upon him at the trial, were not composed in any part of persons belonging to his own race, who it is alleged had been systematically excluded from the jury lists on account of race and color. Upon the hearing the judge passed the following order: "The within petition for habeas corpus, after hearing evidence and argument, is denied and the applicant is remanded to the custody of the Sheriff of Fulton County. The court finds that applicant waived any right he may have had in the premises of the contentions now made by him by not making such contentions prior to this application for habeas corpus; and further finds, as a matter of fact, that under the evidence there was no exclusion of negroes from the juries solely on account of race as contended by applicant or otherwise. Supersedeas is granted for 20 days during which time the sheriff is directed to hold applicant in custody in Fulton County, and until further order of the court." It appears from the petition that the petitioner was represented at the trial and in his motion for new trial in the court below, and in the exceptions taken to this court, by one of the same counsel now appearing for him in the present case. See *McKay* v. *State*, 200 *Ga.* 120 (36 S. E. 2d, 55), which sets forth the grounds of alleged error there complained of. It further appears that the point now raised was in no way invoked at the trial of the petitioner for murder, but is now raised for the first time in this petition for habeas corpus. *Held:*

1. "A complaint that colored persons were systematically and arbitrarily excluded from the jury-list in the county in which the applicant, a person of color, was convicted, does not present a good ground for habeas corpus, for the reason that an objection of this kind should have been presented in a proper way at the trial, and upon failure to do so it is to be considered as waived." *Wilcoxon* v. *Aldredge*, 192 *Ga.* 634 (15 S. E. 2d, 873, 146 A. L. R. 365).

## 122

2. The above ruling being controlling, it is unnecessary to consider the evidence offered at the habeas corpus trial in support of and in rebuttal of the allegations forming the basis of the petition.

*Judgment affirmed. All the Justices concur, except Head, J., disqualified.*

No. 15750. APRIL 15, 1947.

*C. Don Miller* and *C. G. Battle,* for plaintiff.

*E. E. Andrews, Solicitor-General, Durwood T. Pye,* and *J. Walter LeCraw,* for defendant.