SMITH *v.* BALKCOM, Warden.

No. 16622. JUNE 15, 1949.

*D. L. Stanfield* and *T. Ross Sharpe,* for plaintiff.

*Eugene Cook, Attorney-General, Ralph Dawson, Solicitor-General, John P. Rabun* and *J. T. Grice, Assistant Attorneys-General,* for defendant.

HEAD, Justice. ■ The finding of fact by the trial judge, on the petition of Smith for writ of habeas corpus, that for many years Negroes had been arbitrarily excluded from the jury lists in the county of the defendant's conviction, is supported by the evidence. The exclusion of persons by reason of race or color from the jury lists of any county has been uniformly held by the Supreme Court of the United States, since the case of Strauder *v.* West Virginia, 100 U. S. 303 (25 L. ed. 664) (decided in 1880), to be a denial to Negro defendants in criminal cases of the equal protection of the laws required by the fourteenth amendment to the Federal Constitution. Patton *v.* Mississippi, 332 U. S. 465 (68 Sup. Ct. 184, 92 L. ed. 164).

There was no demurrer or motion to quash the indictment upon the trial of the plaintiff in error on the ground that members of the Negro race had been arbitrarily excluded from the jury lists in the county of his conviction. In *Wilcoxon v. Aldredge*, 192 *Ga.* 634, 637, it was said that a denial of the equal protection of the laws guaranteed by the fourteenth amendment is not a matter to be presented after conviction; that constitutional questions may be waived by a failure to comply with reasonable procedural requirements; and that a defendant cannot stand silently by, taking the chances of acquittal, and thereafter, upon conviction, seek to thus nullify his trial. In Patton *v.* Mississippi, supra, cited and relied upon by counsel for the plaintiff in error, the defendant filed a timely motion to quash the indictment on the ground that there had been a "systematic, intentional, deliberate and invariable practice on the part of administrative officers to exclude Negroes from the jury list, . . and that such practice has resulted and does now result in the denial of the equal protection of the laws to this defendant as guaranteed by the 14th amendment to the U. S. Constitution."

The Constitution of this State recognizes as the highest law the Constitution of the United States (Ga. Constitution, art. 12, sec. 1, par. 1, Code, Ann., § 2-8001). Recognizing, as we do, the supremacy of the Constitution of the United States, and the laws passed in pursuance thereof, and that this court is bound to follow the decisions of the Supreme Court of the United States construing the Federal Constitution, we are nevertheless unable to find any violation of constitutional rights of the defendant of

which he may now complain. Counsel have not cited any decision by the Supreme Court of the United States (nor does careful examination reveal any decision by that court) holding that a defendant may fail to raise a constitutional question in the proper manner upon his trial in a criminal case, and thereafter take advantage of such failure by application for writ of habeas corpus. We therefore hold that the defendant waived this constitutional question upon his original trial.

■ The trial court in its findings of law held in part as follows: "The court finds as a matter of law that the petitioner, Ernest Smith, was represented by experienced counsel in the trial of his case in the Superior Court of Tattnall County, and further holds that he was not denied counsel as provided by the Constitution of the U. S."

This finding by the trial judge was likewise authorized by the evidence. The defendant was represented by counsel of his own choice in the trial court. The same counsel (who for more than a quarter of a century has been a member of the bar of this court) represented him in his appeal here. *Smith* v. *State,* supra. From the record in that case it appears that the defendant was ably and conscientiously represented both in the trial court and in this court.

Present counsel for the plaintiff in error take the unusual position that, because it appears that Smith was convicted on October 17, 1947, prior to the decision in Patton *v.* Mississippi, supra (decided December 7, 1947), "counsel for Smith could not possibly have known of the supreme law of the land at the time of the trial." They further rely on the fact that former counsel did not own and have in his office the reported decisions of the Supreme Court of the United States to show that he was not qualified to represent the defendant upon his former trial. As previously indicated in this opinion, the ruling in Patton *v.* Mississippi, supra, is not a departure from established precedent, but on the contrary, follows a long line of decisions of the Supreme Court of the United States.

In *Wilson* v. *State,* 69 *Ga.* 224-247 (decided October 31, 1882), this court fully recognized and gave effect to the principle of the holding in Strauder *v.* West Virginia, supra (decided in 1880), and the subsequent decisions of this court have given full recog-

nition to the principle enunciated in the Strauder and Patton cases. In *Wilcoxon* v. *Aldredge,* supra, a number of cases by the Supreme Court of the United States, in accord with the Strauder and Patton cases, are cited. From the testimony of Smith's former counsel, he necessarily must have known that Negroes were arbitrarily excluded from the jury lists in that county, and it does not appear that the failure of counsel (whatever may have been the reason therefor) to file a motion to quash the indictment was based on lack of knowledge or qualification.

No error is shown in the judgment of the trial court remanding the defendant to the custody of the warden.

*Judgment affirmed. All the Justices concur.*