## PATTERSON *v.* THE STATE.

WYATT, Justice. 1. The plaintiff in error having expressly abandoned the general grounds, no statement of facts is necessary.

2. The first ground of the amended motion for a new trial is numbered "4" and excepts to the following excerpts from the charge of the court: "Now, I charge you, if you should believe beyond a reasonable doubt that the defendant is guilty of the offense of murder, *of course* you would be authorized to write a verdict to that effect." The criticism of this portion of the charge is that by the use of the words, "of course," the trial court expressed an opinion that the defendant on trial was guilty of murder, and in effect instructed the jury so to find. The second ground of the amended motion for new trial is numbered "5" and excepts to the following excerpt from the charge: "This indictment charging murder, it is a capital offense charged in this indictment, and, where a verdict of guilty of murder is rendered by a jury, if nothing is added to that verdict, it becomes the duty of the court to sentence the defendant to death by electrocution in accordance with law. . . Now, I charge you if you should believe beyond a reasonable doubt that the defendant is guilty of the offense of murder, *of course,* you

would be authorized to write a verdict to that effect. . . if they should believe beyond a reasonable doubt that the defendant is guilty of the offense of murder, you would be authorized to so find, and in that event, the form of your verdict would be, 'We, the jury, find the defendant guilty,' Now a verdict of that kind, without anything being added to it, would mean that it would become the duty of the court to sentence the defendant to death by electrocution. . . In writing your verdict, if you find him guilty, you can add that recommendation, or leave it off as you see proper. If you should find him guilty without recommendation, the form of your verdict would be, 'We, the jury, find the defendant guilty.' As stated, that would mean that he would be put to death by electrocution." The same complaint is made about this excerpt as is above indicated, with the added complaint that the excerpt is argumentative. The brief of the plaintiff in error treats these two assignments of error together, and they will be so dealt with here. The brief in this case cites no authority for the position taken by the plaintiff in error. We deem it sufficient to say that a mere reading of the excerpts will disclose there is no merit in these exceptions.

3. The third ground of the amended motion, being numbered "6", complains because the trial court refused to declare a mistrial, upon motion duly made, because of the following argument made to the jury by the solicitor-general: "If you find the defendant guilty of murder without recommendation, that means the defendant will be put to death for, under our law, that is the punishment for murder where there is no recommendation, and, under our law, the death sentence is executed by electrocution. We have an electric chair in this State, and it will fit any person found guilty of murder without recommendation of mercy, be that person red or yellow, pink or blue, rich or poor, whether that person be 65 years old, 35 or 18 years old, or any other age whatsoever, provided that person has arrived at the age of accountability prescribed by law. In other words, that chair will fit me, or you, or anyone else, that is found guilty of murder without recommendation to mercy." The basis of this exception is, as contended by the plaintiff in error, that on June 1, 1949, and on May 30, 1949, two defendants were tried for murder and were convicted without a recommendation; and that the purport of this argument was that the plaintiff in error should be convicted of murder because of the conviction of the other two defendants on the preceding Monday. No authority is cited for this position. The solicitor-general made no reference to any other cases, defendants, or trials. This exception is clearly without merit.

4. The fourth ground of the amended motion for new trial, being numbered "7", complains because the defendant is a member of the Negro race and, as contended by the plaintiff in error, the jury box of Sumter County contains no names of the Negro race. This question was in no way raised during the trial of the case, but is sought to be raised for the first time by an amendment to the motion for new trial. The exception as made, if true, and if properly raised, would have merit. This court, however, is committed to the proposition that a defendant

cannot negligently or purposely stand silently by, taking the chance of an acquittal, and upon conviction, seek to nullify the trial for the reason here urged. See *Smith* v. *Balkcom*, 205 *Ga.* 408 (54 S. E. 2d, 272); *Wilcoxon* v. *Aldredge*, 192 *Ga.* 634 (2) (15 S. E. 2d, 873, 146 A. L. R. 365), and cases there cited. It follows from what has been said above that no error appears.

*Judgment affirmed. All the Justices concur.*

No. 16847.  November 14, 1949.  Rehearing denied December 1, 1949.

*A. C. Felton III,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. L. Forrester, Solicitor-General, Robert E. Andrews,* and *M. H. Blackshear Jr., Assistant Attorney-General,* contra.