## PATTERSON v. BALKCOM, Warden.

WYATT, J. Plaintiff in error, a person of the colored race, was tried and convicted of murder, without a recommendation to mercy, in the Superior Court of Sumter County. He made a motion for new trial contending, among other things, that he had been denied due process of law as guaranteed by the 14th Amendment to the Constitution of the United States, in that members of the colored race were systematically and altogether excluded from the jury box in Sumter County. The motion for new trial was denied by the court below, and that judgment was affirmed by this court. See *Patterson* v. *State,* 206 *Ga.* 260 (56 S. E. 2d, 501). Recently, plaintiff in error filed a habeas corpus proceeding in the Superior Court of Tattnall County seeking his release from respondent, who has him in custody for the purpose of carrying out the sentence of the Superior Court of Sumter County. Plaintiff in error alleges in his petition that he is illegally held, for the reason that at his trial he was denied due process of law as guaranteed by the 14th Amendment to the Constitution of the United States, and par. 3, art. 1 of the Constitution of the State of Georgia, in that members of the colored race were systematically excluded from service on grand and petit juries in Sumter County, and such exclusion was solely on account of their race. Defendant in error demurred to the petition, alleging that the petition failed to state a cause of action against the respondent for the reason that plaintiff in error failed to allege that applicant, on his trial, had made any objection to the jurors who were put upon him, or had challenged in any way the legality of his trial then, on the question which he raises in this proceeding. The demurrer was sustained by the court below, and the petition was dismissed. *Held:*

1. All substantial questions raised by the record in the instant case have already been decided adversely to the contentions of the plaintiff in error in *Patterson* v. *State,* supra. In that case this court said: "This question was in no way raised during the trial of the case, but is sought to be raised for the first time by an amendment to the motion for new trial. . . This court, however, is committed to the proposition that a defendant cannot negligently or purposely stand silently by, taking the chance of an acquittal, and upon conviction, seek to nullify the trial for the reason here urged." It is contended, however, that in a habeas corpus proceeding, plaintiff in error should be permitted to produce his evidence as to the illegality of his trial, even though he had not raised the question at his trial. "A complaint that colored persons were systematically and arbitrarily excluded from the jury list in the county in which the applicant, a person of color, was convicted, does not present a good ground for habeas corpus, for the reason that an objection of this kind should have been presented in a proper way at the trial, and upon failure to do so it is to be considered as waived." *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634 (15 S. E. 2d, 873, 146 A.L.R. 365). See also, *Smith* v. *Balkcom,* 205 *Ga.* 408 (54 S. E. 2d, 272). Accordingly, the judgment of the court below, sustaining the general demurrer and dismissing the petition, was not error.

*Judgment affirmed. All the Justices concur.*

No. 17298. JANUARY 8, 1951. REHEARING DENIED FEBRUARY 15, 1951.

*A. C. Felton III,* for plaintiff.
*J. T. Grice, Assistant Attorney-General,* for defendant.