## 19739. MURPHEY v. MURPHEY.

WYATT, Presiding Justice. Mrs. Nancy Elizabeth Murphey brought her petition for habeas corpus against Candler Ambrose Murphey, Jr., seeking to obtain custody of their two minor children. The children in question had previously been awarded to their father (the plaintiff in error here) in a divorce proceeding. The petition alleged that there had been a substantial change in circumstances affecting the welfare of the children since the award of custody had been made in the

divorce decree. Upon completion of the hearing, at which both sides presented voluminous testimony, the judge awarded custody of the children to Nancy Elizabeth Betts Murphey, their mother, with the father having the right to have the children at certain stated times. To this judgment, the plaintiff in error excepted. *Held:*

The only question involved in this case is whether or not there was any evidence at the trial of the instant case showing a change in condition affecting the welfare of the children involved since the rendition of the judgment awarding custody of said children to Candler Ambrose Murphey, Jr. Upon this question, the trial judge was authorized to find that these children, and especially Mike Murphey, are extremely nervous and emotionally upset; that, while they may have been of nervous temperament prior to the decree which awarded them to the plaintiff in error, since that time the condition of the children has deteriorated to the point that it now threatens to become a permanent disordered mental and emotional condition or psychosis; that the children are in desperate need of medical and psychiatric attention; that the mother has, during the times when she has had the children under the terms of the former decree, sought medical and psychiatric treatment for the children; and that the chances for the children to recover and attain a normal mental, emotional, and nervous status are much greater if they live with their mother. The judge was also authorized to find that the condition of the children and the symptoms which they now exhibit are not the same as prior to the divorce. The mother testified that she did not notice any symptoms prior to the divorce which alarmed her enough to cause her to talk to a doctor about them. The evidence is to the effect that Mike Murphey is in much worse condition than his sister, but that the sister is also emotionally upset. The evidence is not contradicted that, considering the condition of the children, they should not be separated. This evidence is certainly sufficient to show a substantial change in circumstances affecting the welfare of these children since the former decree was rendered, and that the welfare of the children will best be served if they are in the custody of their mother. Accordingly, the judgment of the court below awarding custody to the mother was not error.

*Judgments affirmed. All the Justices concur.*

ARGUED JUNE 10, 1957—DECIDED JULY 3, 1957.

*Abit Massey, W. Harvey Armistead,* for plaintiff in error.
*James A. Mackay, John E. Feagin, MacDougald, Feagin & Williams,* contra.