20302. RENFROE *v.* WALLACE *et al.*

CANDLER, Justice. This litigation was brought in the Juvenile Court of Fulton County by Mrs. Gertrude McGee and W. A. Wallace, maternal grandparents of Debra Ann Haley, by a petition which alleges: that the child is in the custody of Joan Wallace Renfroe, their daughter, who is the mother of the child in question, who is only six years old; that she is being kept and reared under unsuitable and improper circumstances and is being neglected; that her parents are divorced; that her mother is not a fit and proper person to have custody of her since she habitually and excessively drinks intoxicants and is addicted to the habit of taking benzadrine; that she mistreats and abuses the child and that the home conditions of the child are such as to endanger the health, morals, and even the life of the child. It was prayed that the court take such steps as

are necessary for the care, placement, and protection of said child. After hearing evidence, the trial judge found and held that the mother had become morally and emotionally unfit to have custody and control of the child any longer; that the father had remarried; and that he could and would provide a suitable home for the child. He, therefore, awarded custody of her to the father with certain visitation rights in the mother, and this judgment is properly excepted to. Subsequently, the mother filed a motion to vacate and set aside the judgment fixing custody of the child in the father, on the ground that the Juvenile Court of Fulton County had no power or authority to render the custody judgment because certain specified sections of the Juvenile Court Act of 1951 (Ga. L. 1951, p. 291) as amended by the acts of 1953 and 1956 (Ga. L. 1953, Nov.-Dec. Sess., p. 87, Ga. L. 1956, p. 69) offend several enumerated provisions of the Constitution of 1945, and they are for this reason unconstitutional and void; and that the mother had no notice from the pleadings that the court would pass on the question of a change in the child's custody. Her motion was denied, and there is also an exception to that judgment. *Held:*

1. A change in conditions which adversely and materially affect a minor child, the custody of whom has been awarded to a particular person, authorizes a court having jurisdiction to do so to make a new and different award of custody. *Jones v. White,* 209 *Ga.* 412 (73 S. E. 2d 187); *Murphey v. Murphey,* 213 *Ga.* 401 (99 S. E. 2d 77). The allegations of the petition in this case show such a change in conditions, and since the evidence amply supports those allegations, it cannot be said that the trial judge abused his discretion in changing custody of the child involved from her mother to that of her father.

2. This court has many times held that questions involving the constitutionality of an act must be made either by demurrer to the pleadings or by objections to evidence, or in some other appropriate way pending the trial, and that such a question cannot be raised for the first time in a motion for new trial; and for the same reason, as pointed out in those decisions, we hold that such a question cannot be raised for the first time in a motion to vacate and set aside a judgment. For some of the decisions referred to, see *Hendry v. State,* 147 *Ga.* 260 (8) (93 S. E. 413); *Starling v. State,* 149 *Ga.* 172 (99 S. E. 619); *Savannah Electric Co. v. Thomas,* 154 *Ga.* 258

(1) (113 S. E. 806); *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634, 637 (15 S. E. 2d 873); and *Moore* v. *State,* 194 *Ga.* 672 (22 S. E. 2d 510). In the *Wilcoxon* case, supra, it was said: "It is settled that constitutional questions may be waived by failure to comply with reasonable procedural requirements."

3. The petition in this case was amply sufficient to apprise the mother that a change in the custody of her child would be considered by the court on the hearing; hence this ground of her motion to vacate and set aside the custody judgment is not meritorious.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 15, 1959—DECIDED FEBRUARY 6, 1959.

*Ben F. Smith,* for plaintiff in error.
*Jas. L. Moore,* contra.