24021. MERNEIGH v. THE STATE.

SUBMITTED APRIL 13, 1967—DECIDED APRIL 20, 1967.

Freddy J. Merneigh, *pro se, Hester & Hester, Frank B. Hester, Richard M. Hester*, for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw*, for appellee.

GRICE, Justice. This appeal is from the denial of appellant's so-called "extraordinary motion to vacate and set aside sentence and judgment" entered pursuant to a specified indictment. He had plead guilty to the crime of robbery by force and intimidation and on May 15, 1965, was sentenced by the Superior Court of Fulton County to a term of 15 years. Later, on February 1, 1967, he transmitted to that court the document above referred to.

This document, filed by the appellant himself, is more like a brief than a motion or petition, since it contains statements of issues of law, argument and citation of authorities. No adverse party is named. Moreover, it appears therefrom that the appellant is confined in the Georgia State Prison at Reidsville.

An examination of this document clearly shows that it is not a motion to vacate and set aside a sentence and judgment. Rather, it is a petition seeking the writ of habeas corpus. The only prayers are that "the habeas corpus writ be issued . . . commanding the respondent forthwith, without excuse or delay,

[to] bring or cause to be brought before this Honorable Court the body of [appellant], and who [sic] is unlawfully detained in the respondent's custody, together with the day and cause of arrest and detention; then and there to perform and abide such order and directions as the said Fulton Superior Court shall make in that behalf," and "And upon final determination let the sentence [specified] be declared null and void and order his release from the custody of the respondent."

This being a petition for habeas corpus only and it appearing that the appellant is confined to the Georgia State Prison at Reidsville in Tattnall County, the dismissal of the petition by the Judge of the Superior Court of Fulton County was not error. See *Wilcoxon v. Aldredge,* 192 Ga. 634, 636 (15 SE2d 873, 146 ALR 365); *McBurnett v. Warren,* 208 Ga. 225, 229 (66 SE2d 49).

*Judgment affirmed. All the Justices concur.*