## 11648. WHITE *et al. v.* THE STATE.

A verdict supported by any evidence and approved by the trial judge can not be set aside by this court because of conflicting evidence or alleged insufficiency of evidence.

A conviction of manslaughter was authorized by the evidence.

DECIDED JULY 28, 1920.

Conviction of manslaughter; from Jackson superior court— Judge Cobb. May 3, 1920.

*P. Cooley,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

BLOODWORTH, J. As the motion for new trial in this case contains no special grounds, the only question to be determined by this court is whether or not there is any evidence to support the verdict. In passing on the facts in a motion for a new trial, the judge of the trial court has some discretion, but where he has exercised that discretion, this court is powerless to interfere. Our Supreme Court has said; "This court has always recognized that the greatest weight and consideration should be paid to the verdicts of juries, and in many cases has held that while the verdict was different from what the judges would have rendered as men, the court would not interfere. So, too, where the evidence was conflicting, it would not disturb the finding, although it might think that the preponderance was in favor of the losing party. In testing the sufficiency of evidence this court cannot consider the credibility of witnesses, that being a matter exclusively for the jury, who note their manner of testifying and consider the thousand and one things transpiring during a trial, which cannot be photographed or transcribed and transmitted to this court as a part of the record." *Patton* v. *State,* 117 *Ga.* 234 (43 S. E. 534). "This court by the constitutional amendment creating it, is limited in jurisdiction to the correction of errors in law alone, and therefore has no power to grant a new trial on the ground that the verdict is strongly contrary to the weight of evidence, if there is any evidence at all to support it." *Collins* v. *Broom,* 21 *Ga. App.* 420 (1) (94 S. E. 645), and cit. Applying the foregoing rulings to the facts as they appear in the present record, the judgment overruling the motion for new trial must be

*Affirmed. Broyles, C. J., and Luke, J., concur.*