21036. NORTON *v.* THE STATE.

DECIDED MARCH 31, 1931.

*B. F. Walker, Dillon, Calhoun & Dillon,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, William Schley Howard, E. A. Stephens,* contra.

BLOODWORTH, J.   F. L. Norton was convicted of embracery, and excepted to the overruling of his motion for a new trial.   This motion contained the usual general grounds and two special grounds, the first of which was but an elaboration of the general grounds, and the second was as follows: "Because the court failed and refused to give the following timely written request to charge: "Gentlemen, I charge you in this case if you find that Norton did approach Mr. Brand, the juror, and in conversation otherside (?) intimated and offered Mr. Brand money for serving on the jury, then I charge you that on such finding you would not be authorized to find defendant [guilty] unless you also find from the evidence, facts, and circumstances of the case, and that beyond a reasonable doubt, that such approaches and offer was to corruptly influence Brand towards the side of Taylor.'"

1.   The court did not err in failure to charge the jury as requested.   The charge given plainly and fully instructed the jury that in order to convict the defendant they must be satisfied beyond a reasonable doubt that the defendant "did wilfully, by promise of money, persuasion and entreaty attempt to influence corruptly one S. E. Brand, a juror in the case mentioned in this indictment *toward the side of Taylor,* the one named in this indictment, and in the manner and as charged" (italics ours) ; and that "if you do not believe the defendant is guilty, or if you should entertain a reasonable doubt as to his guilt, it would be your duty to acquit." And the court further stressed this point by charging immediately thereafter that "in order to constitute the offense of embracery as charged in this indictment, it is necessary that one should be guilty of wilfully, by promise of money, persuasion and entreaties attempt to influence a juror wrongfully *and in favor of the one named in the indictment.*" (Italics ours.)   These instructions sufficiently and amply covered the principle involved in the request to charge. *Shaw* v. *State,* 38 *Ga. App.* 269 (3) (143 S. E. 600).

Moreover, this ground is not in proper form to be considered by this court.   *Seaboard Air-Line Railway Co.* v. *D'Avignon,* 39 *Ga. App.* 113 (9) (146 S. E. 518).   Averments that a "timely written request to charge" was made is a mere conclusion of the pleader and does not come up to the rule.

2. "A verdict supported by any evidence and approved by the trial judge can not be set aside by this court because of conflicting evidence or alleged insufficiency of evidence." *White* v. *State*, 25 *Ga. App.* 554 (103 S. E. 803). This court can not say that there is no evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*