## 21965. RODDY *v.* STANSBURY.

JENKINS, P. J. 1. It is a general rule that a verdict in favor of the defendant will not be set aside on account of an error in the charge of the court which relates only to the amount of the recovery, since, in view of the finding of the jury in favor of the defendant, such an error must generally be regarded as harmless. *Sarman* v. *Seaboard Air-Line Ry. Co.,* 33 *Ga. App.* 315, 324 (125 S. E. 891); *Southwest Georgia Development Co.* v. *Griffin,* 38 *Ga. App.* 276 (143 S. E. 784); *Carstarphen* v. *Central of Ga. Ry. Co.,* 8 *Ga. App.* 162 (68 S. E. 848).

2. In the instant suit by the purchaser of an automobile, for the amount alleged to have been paid thereon, less the value of the use of the car during the period it was held by him, on account of an alleged rescission of the contract of sale by the seller, the court correctly instructed the jury that the measure of the plaintiff's damage, in the event he should prevail, was the amount paid on the purchase-price of the automobile, as shown by the evidence, less the rental value of the automobile during the period for which it was held by the purchaser. The fact that the court, in stating the contentions of the parties, may have incorrectly stated the contention of the plaintiff as to the amount paid by him could not have been harmful to the plaintiff, in view of the verdict for the defendant on the issue made by the pleadings and the evidence as to whether there had in fact been a rescission of the contract of purchase and sale by the seller. Nor could it be said that any error in the charge of the court relative to the date from which interest should be allowed on such amount as might be found in favor of the plaintiff could have influenced the jury in finding for the defendant. While there was a conflict between the plaintiff and the defendant as to the amount paid by the plaintiff on the purchase-price of the property, under the con-

tentions of both parties the amount paid exceeded the only proven rental value of the property by more than the difference in the amount of interest as contended for by the plaintiff and the interest which would have been due under either contention as to the amount paid, under the charge of the court, in the event of a finding for the plaintiff. Consequently it could not be said that the alleged error in the instruction of the court could have influenced the verdict in favor of the defendant, on the theory that the jury might have found that the rental value of the property equalled or exceeded the amount which had been paid at the date of the alleged recission, without interest being calculated thereon.

3. The verdict in favor of the defendant was authorized by the evidence.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 21, 1932.

*S. W. Fariss,* for plaintiff.
*McClure & McClure, F. M. Gleason,* for defendant.