### 30975. SCHELL *v.* THE STATE.

DECIDED SEPTEMBER 19, 1945.

*Claude V. Driver,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* contra.

GARDNER, J. ▮ It is contended that the evidence is insufficient to sustain the verdict of guilty. It will be noted that the evidence is positive that the burglar entered the building by removing a screen, breaking a glass in a window, and entering through the window. The defendant contends that the conviction rests mainly upon the acts of the bloodhounds. It was clearly established that the dogs were Maryland bloodhounds, registered, well-trained, with five-years' practice trailing people. See *Aiken* v. *State,* 16 *Ga. App.* 848 (86 S. E. 1076), where this court said: "Before evidence of the conduct of a bloodhound alleged to have been put upon the trail of the defendant can properly be received, it should appear that the dog was able, at the time and under the circumstances, to follow the scent of a person. When such foundation has been laid and the evidence showing the conduct of the dog has been received, the jury, before they will be authorized to consider it as evidence against the accused, must be satisfied that the dog was certain and reliable in following the trail of the human footsteps; and, if they find from the evidence touching the matter that the dog was and is reliable and accurate in this regard, then the evidence of the dog's work and its result may be considered, together with all the other evidence in the case, as a circumstance in determining the guilt of the accused." Nor does it matter, as contended by the defense, that only one of the dogs was satisfied as to the conclusion, if in fact the evidence is such as to lead one to such deduction. *File* v. *State,* 16 *Ga. App.* 22 (4) (84 S. E. 485). It thus follows that there is no merit in the contention that the conduct of the bloodhounds should not be considered. This evidence is sufficient to sustain the verdict of guilty.

There is no merit in the contention that there is a variance in the allegata and the probata.

▮ Special ground 1 complains of the following excerpt from the charge of the court: "And look to the evidence and the defendant's statement, and determine whether or not he is guilty. . . That is for you to determine from the evidence and the defendant's statement, and that's all the guide you have, the evidence that has been submitted to you on the trial of the case and the defendant's statement." The court further charged: "The defendant has a right to make to the court just such statement in

his defense as he sees proper to make. The defendant is not under oath, but, as I said, he has a right to make just such statement as he sees proper in his own defense. You have a right to believe that statement in preference to the sworn testimony in the case, if you think it deserves to be believed in preference to the sworn testimony in the case. You have a right to believe it in part and disbelieve it in part, or you can disbelieve it altogether. In other words, it is for you to give the defendant's statement just such weight and credit as you think it deserves in your honest search for the truth as to what the facts of the case are." The case of *Rouse* v. *State*, 135 *Ga.* 227 (3) (69 S. E. 180), is cited in support of the contention that the case should be reversed because of this allegedly erroneous charge. In our opinion the *Rouse* case is not sufficient authority for the position taken by counsel for the defendant. Our Supreme Court in *Merritt* v. *State*, 152 *Ga.* 405 (4) (110 S. E. 160), discusses the former ruling of that court in the five-to-one decision, and *approved* a charge of almost the exact phraseology. It is true, however, that there were two dissents to that ruling. But the explanations from both the concurring and the dissenting Justices show an undoubted variance of opinion. The wordage of the decision in the *Merritt* case leads us to believe that the former decision was abandoned. In these words the Justice writing the decision renounced the decision in the *Rouse* case: "That decision [meaning the decision in the *Rouse* case], however, was rendered by only five Justices, and therefore is not binding authority. The majority of the court as now constituted is constrained to disagree to the soundness of that ruling." In *Williams* v. *State*, 57 *Ga. App.* 176 (194 S. E. 822), Judge Guerry, with the concurrence of the other Judges, followed the ruling in the *Merritt* case, and thereby approved the charge now under consideration. In any event, we need not follow either line of decisions and thought, because the facts of the *Rouse* case and the facts in the case at bar are so different that the distinction is conclusive.

3. Special ground 2 complains of the following excerpt from the charge: "And the effect of that plea of not guilty is to deny each and every material allegation made in each indictment." The movant avers that this charge was error, harmful and prejudicial to the defendant. We can not agree with able counsel that this

excerpt, when viewed in the light of the complete charge, was harmful and prejudicial. The entire charge was comprehensive, inclusive, and covered the points of the case in a manner which would leave no incorrect ideas in the minds of the jurors. We do not see how a juror could be confused by the charge so as to seek for more evidence to overcome the presumption of innocence which is the right of every person at the bar. When viewed in the light of the entire charge, this excerpt contains no harmful error.

The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*