31023, 31024. McLARRY *v.* THE STATE.

DECIDED SEPTEMBER 19, 1945. REHEARING DENIED SEPTEMBER 29, 1945.

*Aaron Kravitch,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

GARDNER, J. The indeterminate sentence act of 1939 here involved is contained in Code, § 27-2526 (Ann.), as follows: "The jury in their verdict on the trial of all cases of felonies not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as a punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the

penitentiary in accordance with the verdict of the jury: Provided that in cases of pleas of guilty, then the judge shall have the right to prescribe such minimum and maximum term as he may see fit." It is our opinion that under this section the jury has no such authority as is contended by able counsel for the accused.

It is further contended by counsel for the plaintiff in error that § 27-2510 of the Code was repealed by the act of 1939 (Ga. L. 1939, pp. 285, 287). The Code, § 27-2510, reads as follows: "Where a person shall be prosecuted and convicted on more than one indictment, and the sentences are imprisonment in the penitentiary, such sentences shall be severally executed, the one after the expiration of the other; and the judge shall specify in each the time when the imprisonment shall commence and the length of its duration. (Cobb, 836)." With this contention we can not agree. The two sections above set forth are not in conflict. The act of 1939, therefore, did not either expressly or by implication repeal section 27-2510. So far as we are able to find from our own research or so far as counsel for both parties have cited us, the question here presented has not before been passed upon by the appellate courts of this State.

The court did not err in overruling the motion for a new trial and the motion in arrest of judgment in the instant case for any of the reasons assigned.

*Judgments affirmed. Broyles, C. J., and MacIntyre, J., concur.*