## MORRIS *v.* ADERHOLD, Warden.

No. 15645. NOVEMBER 13, 1946.

534

*Alfred Herrington,* for plaintiff.

*Eugene Cook, Attorney-General, Harvey L. Jay, Solicitor-General, R. N. Odum,* and *Margaret Hartson,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ Where an application for the writ of habeas corpus affirmatively shows on its face, as here, that the restraint is legal, the judge before whom the writ is made returnable has the power, on general demurrer, to dismiss the writ and remand the applicant. In such instance the general demurrer, under our practice, serves the purpose of a motion to quash the writ for insufficiency of the allegations in the petition. *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607) ; *Coleman* v. *Grimes,* 154 *Ga.* 852 (115 S. E. 641) ; *Kinman* v. *Clark,* 185 *Ga.* 328 (195 S. E. 166). The allegations in the application for the writ of habeas corpus affirmatively show that the restraint was legal, and it was therefore not error to sustain the demurrer and remand the applicant.

■ In *McLarry* v. *State,* 72 *Ga. App.* 864 (35 S. E. 2d, 378), it was held: "Under the law as it now exists, where two or more indictments against an accused are, by consent of the State and of the accused, submitted to the same jury for trial, and where the jury return verdicts of guilty on two or more of such indictments, it is their duty to fix a minimum and a maximum term of years; they have no authority to determine that such verdicts may run concurrently rather than consecutively, and the judge does not err in failing to instruct the jury that they may so decide." In that case McLarry made an application to this court for the writ of certiorari, and after we had carefully examined the case, we denied the writ because we were of the opinion that the decision stated a correct principle of law, and we are still of that opinion. In the instant case the accused was indicted, for three separate and distinct violations of a penal statute, by separate indictments. By consent the three cases were tried together by one jury, which found that he was guilty of all three offenses. Having convicted him, the jury did all that it was authorized to do under § 27-2526 of the Code, namely, fix a minimum- and a maximum period of time for him to serve in each case; and then the trial judge imposed a sentence in each case in accordance with the finding of the jury and

specified in the sentences that they were to run consecutively, as he was required to do under § 27-2510 of the Code. There is nothing contained in our Indeterminate Sentence Act of 1939 (Ga. L. 1939, p. 285) which gives the jury the right to say whether sentences shall run concurrently or consecutively. For the reason assigned it was not error for the court to remand the applicant.

■ It is urged that the three offenses charged against the accused represent a single criminal enterprise of about the same date, and were treated as such by the court in permitting them to be tried together before one jury; and that, while the jury returned three like verdicts, one on each indictment, these should have been construed as one verdict fixing punishment at from three to four years in the penitentiary. There is clearly no merit in this contention. Each indictment charged the accused with a separate and distinct offense, and his consent to try all three cases at the same time before one jury did not change that fact. The only effect of the agreement was to permit the cases to be tried jointly, which could only be done by his consent. Habeas corpus, however, is never a substitute for a writ of error, or other remedial procedure to correct errors in the trial of a criminal case. This writ is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in passing the sentence by virtue of which the party is imprisoned, so that such sentence is not merely erroneous, but is absolutely void. *McFarland* v. *Donaldson,* 115 *Ga.* 567 (41 S. E. 1000); *Smith* v. *Milton,* supra; *Wells* v. *Pridgen,* 154 *Ga.* 397 (114 S. E. 355); *Shiflett* v. *Dodson,* 180 *Ga.* 23 (177 S. E. 681); *Kinman* v. *Clark,* supra. Since the three sentences were legal ones, providing for consecutive service, and the accused had only served one of them and started on the second, the court did not err in refusing to release him for the reason herein urged.

It therefore follows from what we have ruled in the preceding divisions that the court did not err in sustaining the general demurrer and remanding the applicant to the custody of the warden.

*Judgment affirmed. All the Justices concur.*