32346. LUDWIG *v.* J. J. NEWBERRY COMPANY.

872

DECIDED FEBRUARY 24, 1949. REHEARING DENIED MARCH 29, 1949.

*G. Seals Aiken,* for plaintiff.

*Bryan, Carter & Ansley,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.)
■ ■ Special ground 4 of the amended motion for a new trial contends that the trial court erred in refusing to grant a mistrial on motion of counsel for the defendant, based upon an alleged improper and prejudicial cross-examination of the plaintiff for the defendant, or upon overruling said motion for a mistrial, thereupon failing by all needful and proper instructions to the jury, as requested by counsel for the plaintiff, to remove the improper impression from their minds. It is contended that, when the jury was selected to try the case, each juror was asked for whom he worked, and three of the jurors were employees of Georgia Power Company; that counsel for the defendant, knowing this to be true, cross-examined the plaintiff about a claim she had once had against that company, in which she was injured, as to

whether or not she had recovered from those injuries before the injuries inflicted at the time of her fall in the instant case were received.

This cross-examination was admissible and proper to determine what part of the plaintiff's present injuries, if any, resulted from the old injury incurred in her claim against Georgia Power Company, and what part, if any, resulted from her fall in the defendant's store. Since the cross-examination was pertinent to a material issue in the case, it can not be rendered inadmissible and improper merely because it is prejudicial.

In *Carusos v. Briarcliff Inc.*, 76 *Ga. App.* 346 (supra), in dealing with a certain allegation on special demurrer on the ground that said allegation was irrelevant, immaterial, and prejudicial, this court said that, "since the same is material and germane, even if its effect is prejudicial, the plaintiffs are entitled to plead it." The word "prejudicial" as used in *Carusos v. Briarcliff Inc.*, supra, and in the instant case is to be given its broad meaning of tending to injure or impair, and it is not to be given any restricted meaning such as being blinded by bias. It follows that, where evidence is pertinent and admissible, it can not be excluded merely because it tends to damage or impair the cause of the party against whom it is being introduced. Since a party is entitled to plead a material matter, the fact that proof of it would be prejudicial does not render the evidence inadmissible. In the instant case, counsel for the plaintiff knew that three of the jurors were employees of Georgia Power Company at the time of their selection. He also knew that his client had once had a claim against that company. At the time of the selection of the jury he had the opportunity to avoid the prejudicial effect of the cross-examination.

■ Error is also assigned in said 4th special ground, based on the failure of the trial court to give needful and proper instructions to the jury to endeavor to remove certain improper impressions from their minds, which they were likely to have acquired because counsel for the defendant in arguing the case to the jury read from several appellate court decisions, including one involving Rich's Inc., and in doing so read facts from said cases; also, because counsel for the defendant referred to a

former claim which the plaintiff herein had against Georgia Power Company, there being three members of the jury who were employees of that company, and one who was an employee of Rich's Inc. This part of special ground 4 fails to point out what facts were read from the cases, or wherein the reading thereof was prejudicial to the plaintiff. The evidence authorized the argument about the claim that the plaintiff had against Georgia Power Company. The fact that three of the jurors were employees of that company, and one was an employee of Rich's Inc., did not render erroneous, argument which otherwise was proper.

A part of the assignment of error contained in special ground 4 complains that the trial court erred in refusing to allow counsel for the plaintiff, while polling the jury, to ask certain members of the jury certain questions. It appears that each juror was asked questions as follows: "Was this your verdict?" "Is this your verdict now?" These questions are substantially in compliance with the questions held to be in the best form in *Black* v. *Thornton*, 31 *Ga.* 641. However, in civil cases, it is discretionary with the trial court whether the losing party shall be permitted to poll the jury. It follows that, since the court would not have erred had it declined to allow the jury to be polled at all, the refusal to permit certain of the jurors to be asked particular questions was not error.

These assignments of error contained in special ground 4 are without merit.

Special ground 5 contends that the trial court erred in excluding from evidence the pictures of steps in connection with the First National Bank Building of Atlanta, there being testimony that the steps shown in the photographs were of correct and modern type of construction. Special ground 7 of the amended motion for a new trial contends that the trial court erred in excluding evidence of the plaintiff to the effect that other persons besides the plaintiff have fallen on these same steps. Special ground 8 contends that the trial court erred in excluding on cross-examination the testimony of one Mr. Walker, a witness for the defendant, to the effect that the plaintiff phoned him that she was going to sue the defendant company for the injuries she sus-

tained by reason of her fall on the steps in its store, and that he replied that she should go ahead and sue, that they have many such actions, probably one each week, and none of them recover. It is not contended that the steps shown in the photographs constituted the only correct and modern type of construction, or that other steps of a somewhat different design located in other buildings would not be equally correct, modern, and safe. It is not contended that anyone else fell on these steps because of the negligent manner in which they were maintained. The causes of the other falls, if any, are unknown insofar as the record discloses. Although evidence of collateral matters may throw some remote light on the main issues of the cases, it is nevertheless necessary that trial judges be vested with some discretion as to the admissibility of this type of evidence. Otherwise the whole course and progress of the trial could become converted to the determination of collateral issues rather than the main one. In the instant case, there is no limit to the amount of evidence that might be introduced on the type of construction of various steps located in other buildings. The same condition attaches to the admissibility of evidence as to the causes of other falls. The evidence as to the construction of steps in another building as well as the evidence of other falls, the cause of which is not contended to be due to the negligence of the defendant, would not in any reasonable degree tend to establish the probability of the fact in controversy, and the trial court did not err in excluding this evidence. See *Alexander* v. *State*, 7 *Ga. App.* 88 (66 S. E. 274); *Louisville & Nashville R. Co.* v. *Chaffin*, 84 *Ga.* 519 (4) (11 S. E. 891).

■ Special ground 6 complains of the admission of certain evidence, objected to by counsel for the plaintiff on the "same ground." However, the ground of the objection is not stated. Therefore this ground of the amended motion for a new trial contains no proper assignment of error authorizing a decision of this court thereon. See cases annotated under catchword "Objection," Code (Ann.) § 70-203.

■ Special ground 9 complains that the trial court erred in refusing to give in charge a request on the preponderance of the evidence, which request is in the exact language of the Code

§ 38-107, except there is omitted from said request the phrase, "the nature of facts to which they testified." This section was charged by the court, not in its exact language, but the substance of every provision in it is found in the general charge—all in one paragraph except the phrase, "the jury may consider all the facts and circumstances of the case," and the substance of the phrase is to be found in the next succeeding paragraph of the charge. It is held in *McCann Lumber Co.* v. *Hall,* 77 *Ga. App.* 455 (7),.supra, that, in close and doubtful cases, where the evidence is in sharp conflict, it is sometimes error to fail to charge all of Code § 38-107—the same being the section on the determination of where the preponderance of the evidence lies—when a part thereof has been charged. See *Fountain* v. *McCallum,* 194 *Ga.* 269, 270 (12) (21 S. E. 2d, 610); *Renfroe* v. *Hamilton,* 193 *Ga.* 194 (17 S. E. 2d, 709). However, the general charge in the instant case, as before pointed out, contains the substance of all of said Code section, whereas there is omitted from the request to charge a part of it. This assignment of error is without merit.

■ Special grounds 10, 11, and 21 contend that the trial court erred in refusing to charge certain timely requests relating to the measure of damages. Examination of the general charge discloses that the trial judge did charge substantially the contents of the request set up in these grounds of the amended motion. In any event, however, the jury trying the case found for the defendant. The effect of this verdict in the instant case was to exonerate the defendant from all liability. See *Roddy* v. *Stansbury,* 45 *Ga. App.* 705 (1) (165 S. E. 764); *Southwest Ga. Development Co.* v. *Griffin,* 38 *Ga. App.* 276 (1) (143 S. E. 784); *Carstarphen* v. *Central of Ga. Ry. Co.,* 8 *Ga. App.* 162 (2) (68 S. E. 848). Assuming, but not deciding, that the difference between the request and the actual charge of the court constitutes error, it appears that this defendant was not harmed thereby. In order for an assignment of error to be sufficient for consideration, the plaintiff in error must show not only error but also injury. See *Chapman* v. *Walden,* 183 *Ga.* 395 (188 S. E. 885); *Southern Ry. Co.* v. *Ansley,* 8 *Ga. App.* 325 (1) (68 S. E. 1086); *Dees* v. *State,* 41 *Ga. App.* 321 (152 S. E. 913); *United*

*Motor Freight Terminal Co. Inc.* v. *Hixon,* 77 *Ga. App.* 506 (51 S. E. 2d, 679). These assignments of error are without merit.

■ Grounds 12 and 18 of the amended motion for a new trial contend that the trial court erred in failing to charge certain requests substantially embodying Code §§ 38-1806 and 38-1802 respectively, relating to impeachment. These grounds of the amended motion for a new trial fail to set forth and specify upon what evidence the requested charges on the subject of impeachment would have been authorized, and this defect is urged in the brief of counsel for the defendants. See *Floyd* v. *Boss,* 174 *Ga.* 544 (163 S. E. 606). These grounds are without merit.

■ Special grounds 13 and 14 contend that the trial court erred in refusing upon request to charge certain excerpts on the question of the statute of limitations and the right of the parties to amend their pleadings. It is contended that failure to charge these excerpts was error because counsel for the defendant, in his argument to the jury, commented on the delay of the plaintiff in bringing the suit and thereafter amending the same. Counsel for the plaintiff had the last argument and was entitled to reply to the argument to the jury. However, since no question was raised about the statute of limitations, or the right of the parties to amend their pleadings, and since such questions were in no way involved in the litigation, it was not error for the trial court to refuse to charge on these subjects.

■ Special grounds 15, 19, and 20 contend that the trial court erred in failing to charge the jury in accordance with certain requests on the subject of liability of the owner or occupier of land to those invited upon his premises for any lawful purpose. The trial court gave the jury in charge Code § 105-401 on this subject. That section states the principle of law as adequately and aptly as the request of the plaintiff. Accordingly, these assignments of error are without merit.

■ Special grounds 16 and 17 contend that the trial court erred in failing to charge Code § 38-103 relating to the burden of proof, and in failing to charge that the comparative weight of circumstantial and direct evidence on any given issue is a question of fact for the determination of the jury, in accordance with requests so to charge. The trial court charged fully on these

two principles. These assignments of error are without merit.

The jury trying the case would have been authorized to find a verdict either for the plaintiff or the defendant, and having found the verdict in favor of the defendant the same is authorized by the evidence. The jury is the final arbiter of fact. After the verdict the view of the evidence which is most favorable to upholding it must be taken, and where supported by evidence and approved by the trial judge, the same will not be set aside by this court. See *Agricultural Insurance Co.* v. *Crane, 76 Ga. App.* 687; *Bell Bros.* v. *Aiken, 1 Ga. App.* 36 (2); *Allen* v. *Allen, 71 Ga. App.* 272, 274 (1); *Scribner's Sons* v. *Mutual Bldg. Co., 1 Ga. App.* 527 (1); *Miller* v. *Central of Ga. Ry. Co., 16 Ga. App.* 855; all supra.

The general grounds did not require the grant of a new trial. The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*