18360. GIBBS v. HENDERSON, Executor.

HEAD, Justice. 1. The plaintiff's evidence was insufficient to establish the line described by him, or any line.

2. On the trial of the cause, the judge correctly charged the jury with reference to the stipulation entered into between the parties, and immediately thereafter charged as follows: "Now the plaintiff contends that this Deep Slough is on one side and the defendant is contending that this Deep Slough is on the other side, and that is what you are to decide—which one of their contentions is right and which one of these sloughs is the Deep Slough." This charge was attacked as being contradictory of the stipulation of the parties "that the channel of the Alapaha River is the dividing line." It was further contended that the charge was misleading and confusing, in that the undisputed evidence established that there were three sloughs and that the middle slough might have been the channel of the Alapaha River. This extract from the charge is clearly error, in that it was confusing and misleading. A slough is a side channel, inlet, or arm from a river. Webster's International Dictionary, 2d ed., p. 2369; 39 Words and Phrases, p. 523. The depth, or lack of depth, of a slough would not be controlling on the location of the run of a river. The other assignments of error are without merit.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1953—DECIDED OCTOBER 14, 1953.

*Robert R. Forrester*, for plaintiff in error.

*McDonald & McDonald, W. R. Mixon*, contra.

D. J. Henderson filed a petition against Ira Gibbs to recover: "All that land lying in Land Lot Number Two Hundred Thirty

Four (234) in the Sixth Land District of Irwin County, Georgia, which lies in that portion of said land lot which is bounded on the east by Old Horse Ford Road; bounded on the south by Deep Slough which meanders in a northwesterly direction to Mud Cat Lake; and then it is bounded on the north by First Slough which crosses the Old Horse Ford Road and meanders in a southwesterly direction to Mud Cat Lake. Said land being an irregular tract and the above boundaries would start where Deep Slough intersects with the Old Horse Ford Road and meander in a northwesterly direction to Mud Cat Lake as stated and then from Mud Cat Lake meander down First Slough through Sweet Gum Lake all the way to where First Slough intersects with Old Horse Ford to the point of beginning."

The defendant filed an answer, in which he denied that the lands described were in Tift County. He alleged that they were in Irwin County. He admitted that he was in possession of the land described, and claimed title to the land. Prior to the trial of the cause, W. B. Henderson, as executor of D. J. Henderson, deceased, was duly named as party plaintiff.

The record shows that the parties entered into the following stipulation: "It is conceded by both sides that the respective parties are coterminous land owners, and that the only dispute existing between the parties is the dividing line; both sides contending that the channel of the Alapaha River is the dividing line, but disputing as to where the channel is located."

The trial resulted in a verdict for the plaintiff. The defendant's motion for new trial as amended was denied, and the exception is to that judgment.