38422, 38433.  VALDOSTA COCA COLA BOTTLING
WORKS, INC. v. MONTGOMERY; and *vice versa.*

DECIDED SEPTEMBER 27, 1960.

*Copeland & Smith, J. Lundie Smith,* for plaintiff in error.
*Robert L. Cork,* contra.

NICHOLS, Judge. ■ The motion to dismiss the cross-bill of

exceptions complains that it was not tendered to the trial court within the time provided by the act of 1946 (Ga. L. 1946, p. 726, 734; *Code Ann.* § 6-809).

The main bill of exceptions was tendered to the plaintiff by the defendant on May 7, 1960, prior to certification by the trial court on this same date, and at such time the plaintiff waived further service including service of the bill of exceptions after certification. On May 21, 1960, the main bill of exceptions was filed in the office of the clerk, and thereafter on June 9, 1960, the plaintiff's cross-bill of exceptions was served on the defendant, tendered to the trial court and approved, and filed in the office of the clerk of the superior court.

The act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 456; *Code Ann.* § 6-911), provides that after a bill of exceptions is signed and certified the party plaintiff therein (the plaintiff in error in this court), shall serve a copy thereof on the opposite party or his attorney within 10 days. However, such service may be waived as was done in the case sub judice. The act of 1952 (Ga. L. 1952, p. 191), amending *Code* § 6-1001 provides that within 15 days from the date of the certificate of the trial judge the bill of exceptions shall be filed in the office of the clerk of the court where the case was tried.

Counsel for the plaintiff, in his brief in opposition to the motion to dismiss the cross-bill of exceptions, contends that, where as in the present case, service of the certified bill of exceptions has been waived before certification the 20 days in which a cross-bill of exceptions may be filed does not begin until the main bill is filed in accordance with *Code Ann.* § 6-1001, supra. Such contention being in conflict with *Code Ann.* § 6-809, supra, which provides that such time begins to run from the date of service of the certified bill of exceptions, which service when not waived, must be performed 5 days before the last date on which the filing may be performed, is without merit. No ruling is here made, nor indeed could one be made, as to the beginning date of such period where the service has been waived and the bill of exceptions filed in less than 10 days after certification.

The bill of exceptions was certified on May 7, 1960, and the last day on which service, had it not been waived, could have

been made on the plaintiff by the defendant was May 17, 1960. The 20th day thereafter, the last date on which the cross-bill of exceptions could have been perfected, was June 6, 1960. The cross-bill of exceptions, not having been presented until June 9, 1960, came too late, and the defendant's motion to dismiss such cross-bill must be granted.

■ The first special ground of the defendant's motion for new trial assigns error on a quoted excerpt from the charge because such excerpt of the charge expressed an opinion of the court as to what had been proved on the trial of the case.

Assuming, but not deciding, that the excerpt complained of did express an opinion by the trial court as to what had been proved, yet, unless it instructed the jury that such fact or facts were proven when actually such fact or facts were disputed, no error is shown. "That the court intimates an opinion upon an uncontested and undisputed fact is not cause for a new trial as being in violation of *Code* § 81-1104. *Daniel v. Charping,* 151 Ga. 34 (105 S. E. 465); *Rentz v. Collins,* 51 Ga. App. 782 (181 S. E. 678) and citations; *Carter v. State,* 7 Ga. App. 42 (65 S. E. 1090)." *Abbott v. State,* 91 Ga. App. 380 (3) (85 S. E. 2d 615). The ground of the motion for new trial does not set forth the evidence relied on to show that such fact or facts were disputed as was necessary prior to the enactment of the act of 1957 (Ga. L. 1957, pp. 224, 232; *Code Ann.* § 6-901), nor as provided for in such act of 1957, supra, was the place or places in the record pointed out where such evidence could be found. This ground of the motion for new trial is incomplete and cannot be considered. See *Brewer v. Henson,* 96 Ga. App. 501, 503 (100 S. E. 2d 661); *Maxwell v. State,* 97 Ga. App. 334 (1) (103 S. E. 2d 162); and *Emory University v. Lee,* 97 Ga. App. 680, 701 (104 S. E. 2d 234).

■ Special ground 2 of the defendant's amended motion for new trial complains that the trial court erred in charging as follows: "If it is found from the evidence by the preponderance thereof that the plaintiff did drink some of the Coca Cola from the bottle which contained a foreign substance and if it is further found by the jury that the beverage causing the injury was bottled by the defendant, the jury is authorized to find that the

defendant was negligent in allowing an injurious substance to get into the bottle, in the absence of proof by the defendant of the foreign substance getting into the bottle through some agency over which the defendant had no control, provided that you further find that the bottle was not opened from the time it left the defendant-plant until the bottle was opened by the plaintiff."

This charge (except for the substitution of the words "the jury is authorized to find that" for the words "the jury may draw the inference"), is in substance the same charge which the Supreme Court, in the case of *Moore v. Macon Coca Cola Bottling Co.*, 180 Ga. 335 (2) (178 S. E. 711), held should not be given even upon proper request. In the case of *Macon Coca Cola Bottling Co. v. Chancey*, 216 Ga. 61, 66 (114 S. E. 2d 517), the Supreme Court held that such ruling was not in conflict with what was there held and then added: "Furthermore, there were two dissents on the ruling made in division 2 of the *Moore* case; and this court is not bound by the ruling." Both cases were decided by less than a full bench of the Supreme Court and under such circumstances this court is bound by the older decision of the Supreme Court, and it must be held that the charge given was error, and this is true regardless of the personal views of the members of this court as to the correctness of such charge. See *Davis v. State*, 92 Ga. App. 627 (3) (89 S. E. 2d 548).

The next question for decision is whether it can be said that this case, like the case of *Macon Coca Cola Bottling Co. v. Chancey*, 216 Ga. 61, supra, is distinguishable from the case of *Moore v. Macon Coca Cola Bottling Co.*, 180 Ga. 335, supra. An examination of the entire charge in the present case shows that here as in the *Chancey* case the court instructed the jury in express terms that the defendant was not an insurer of the wholesomeness of its beverages. However, unlike the *Chancey* case the instruction in the present case did not inform the jury in express terms that "the plaintiff must prove to your satisfaction by a preponderance of the evidence that the defendant was negligent, in at least one of the particular grounds of negligence as set out in the petition and that such negligence was the proximate cause of the alleged injuries and damages." Accordingly, the trial court erred in overruling the motion for new trial on this ground.

■ Inasmuch as the case must be tried again neither the usual general grounds of the motion for new trial nor the sole remaining special ground of such motion, which is merely an amplification of the usual general grounds, will be considered further than to state that the verdict rendered was not demanded as a matter of law by the evidence.

*Judgment reversed on the main bill of exceptions. Cross-bill dismissed. Felton, C. J., and Bell, J., concur.*