39242. KING v. MAYOR &c. OF SAVANNAH *et al.*

DECIDED APRIL 4, 1962.

*Aaron Kravitch, Ogden Doremus,* for plaintiff in error.

*Frank S. Cheatham, Jr., William Exley, Maxwell Rosenthal,* contra.

FRANKUM, Judge. 1. The evidence supports the verdict of the jury. The general grounds of the motion for a new trial are without merit.

2. In special ground 1 of the motion for a new trial movant contends that the court refused to allow his counsel to ask a witness certain questions. The colloquies and the ruling of the court are as follows: "I'm going to ask him this before the jury comes out; I want to ask Mr. Metzger this question: 'Mr. Metzger, how many times did you investigate the property for the purpose of appraising its value'; and after he replies to that question I'm going to ask him, after he had investigated it and appraised the property under scrutiny, for the purpose of appraising its value, did he arrive at any valuation of the property, and then I will submit to him defendant's Exhibit No. 10 for the purpose of refreshing his memory and ask him what figure he arrived at for the total valuation of the properties." And the following colloquy took place: "The Court: I am going to per-

mit you to use Mr. Metzger as an appraiser and you stick to that. Mr. Doremus: All right, sir. The Court: And you're not going into any compromise. Mr. Doremus: This doesn't say anything about any compromise. The Court: Mr. Metzger said it did. Mr. Doremus: It says 'Mr. W. L. Merriman and I have met and agreed upon the following values.' Mr. Cheatham: Well, now, I have another letter from him, Judge, which says he cleared up that. A. Yes, exactly. The Court: I'm not telling you all what to object to. What I'm trying to do is to conform to the rules of evidence. The assessor's award, the amount of the assessor's award has no business in this case, and a rose by any other name will smell just as sweet. As to anything as to his action as an assessor, I don't think such testimony is admissible. Now, I think we are all in agreement that Mr. Metzger was not an assessor. Mr. Doremus: Well, he thought he was; he turned out not to be. The Court: Yes. Well now, based upon that, upon agreement by all that he was not an assessor, he may testify as an appraiser. If you want to get into the record his actions as an assessor in coming to some compromise agreement, I may have to exclude his testimony entirely. Mr. Doremus: Well, I don't want that. The Court: All right. Bring the jury back in."

It is obvious that the court did not prohibit movant's counsel from questioning the witness, and further it does not appear that counsel propounded a question to the witness which the court refused to allow the witness to answer. This ground does not present a question for this court to rule upon. This special ground of the motion for a new trial is without merit.

3. Special grounds 3, 4, 5, and 6 of the amended motion for a new trial assign as error the failure of the court to charge certain written requests. "A ground of a motion for new trial which, in order to be understood requires a consideration of the evidence, must either set forth the evidence relied upon or point out where in the record such evidence may be found." *Valdosta Coca-Cola Bottling Works v. Montgomery*, 102 Ga. App. 440 (2) (116 SE2d 675). See *Ludwig v. J. J. Newberry Co.*, 78 Ga. App. 871 (6) (52 SE2d 485). In order to determine whether the written requests should have been given, it is necessary to ascer-

tain whether they were applicable and adjusted to the evidence. Movant contends that the written requests set forth in these special grounds were applicable and adjusted to the evidence. However, these grounds do not set forth the evidence which would authorize the charges requested, nor do these grounds point out where in the record such evidence may be found. Furthermore, these special grounds do not show that the requests were made before the jury retired "to consider of their verdict." *Code* § 81-1101; *Hooks v. State*, 215 Ga. 869 (4) (114 SE2d 6). See *Dixon v. Sol Loeb Co.*, 31 Ga. App. 165 (12) (120 SE 31). These grounds are incomplete, and, therefore, they are without merit.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*