### 39737. WHALEY v. SIM GRADY MACHINERY COMPANY, INC.

DECIDED NOVEMBER 19, 1962—REHEARING DENIED DECEMBER 4, 1962.

*Cowan, Zeigler, Downing & McAleer, Richard J. Cowan,* for plaintiff in error.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Kirk McAlpin, Walter C. Hartridge, III,* contra.

JORDAN, Judge. 1. Special ground 1 of the amended motion for new trial assigns error on the refusal of the trial court to allow plaintiff's counsel to ask the jury panel before selection of a jury the following questions:

"Are any of you engaged in the insurance business for yourselves or do any of you work directly or indirectly for an insurance company?

"Are you interested as a shareholder, stockholder, director, of-

ficer, employee or otherwise, in any insurance company issuing policies of insurance as injury to persons or property?"

In *Leggett v. Brewton,* 104 Ga. App. 580 (122 SE2d 469), this court in considering the identical questions set forth in this ground stated that the proper practice in qualifying the jury would be to confine the inquiry as to the relationship of the jurors to the particular insurance company or companies having a financial interest in the result of the litigation. The court there held, however, that, in the light of the right of counsel to inquire into matters which may affect the bias or prejudice of a prospective juror under *Code* § 59-705 as amended 'and since it did not appear from the ground that any juror on the panel was disqualified in the case, the error in expanding the questions on qualifying the jurors as to their relationship to any insurance company was harmless. Accordingly, under the ruling of the court in the *Leggett* case, supra, and in view of the fact that the questions which may or may not be propounded to prospective jurors under the provisions of *Code* § 59-705 as amended are largely within the discretion of the trial court (*Atlanta Joint Terminals v. Knight,* 98 Ga. App. 482 (4), 106 SE2d 417, 79. ALR2d 539), it cannot be said that the trial judge erred in this case in refusing to allow said questions to be propounded to the panel of jurors.

2. "A ground of a motion for new trial which, in order to be understood requires consideration of the evidence, must either set forth the evidence relied upon or point out where in the record such evidence may be found." *Valdosta Coca Cola Bottling Works v. Montgomery,* 102 Ga. App. 440 (2) (116 SE2d 675). Special ground 2 which assigns error on the refusal of the court to charge certain written requests is too incomplete for consideration since said ground does not set forth the evidence which would authorize the charge requested, nor does said ground point out where in the record such evidence may be found. *King v. Mayor &c. of Savannah,* 105 Ga. App. 701, 702 (125 SE2d 552).

3. Special ground 3 which complains that the trial court erred in allowing defendant's counsel to question "witness after witness as to five convictions of drunk driving [of the plaintiff],"

presents no question for decision since it does not appear in said ground that any objection was made by movant to said questioning on the trial of the case. *Clare v. Drexler*, 152 Ga. 419 (5) (110 SE 176).

4. Special ground 5 which assigns error on the exclusion of certain documentary evidence offered by the plaintiff is too incomplete for consideration since the excluded evidence was not set forth literally or in substance in the ground or as an exhibit thereto. *Thrailkill v. State*, 103 Ga. App. 189 (3) (118 SE2d 837).

5. Special ground 6 complains of the admission in evidence of a photograph purporting to be a scene of the location of the collision in question, over the timely objection of plaintiff's counsel that the photograph had not been identified by the person taking it. This ground is without merit since a witness testified that the photograph was a "correct representation of the scene." *Hill v. State*, 201 Ga. 300 (b) (39 SE2d 675).

6. The evidence was sufficient to authorize the verdict rendered. Accordingly, the general grounds and special ground 4, which is a mere elaboration on the general grounds, are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*