39911. LEE v. THE STATE.

JORDAN, Judge. Robert Edward Lee was tried in the Superior Court of Baldwin County under an indictment charging him in five counts with involuntary manslaughter in the commis-

sion of an unlawful act. The jury returned a verdict finding him guilty on each count and fixing sentence of one year minimum and one year maximum on each count; and the court sentenced the defendant to five one-year minimum and maximum sentences and provided that the sentences were to run consecutively. The defendant's motion for new trial and his motion to amend and modify the sentence and judgment of the court were denied and the exception is to said judgment. *Held:*

1. The defendant's motion to amend and modify the sentence and judgments of the court and special grounds 4 and 5 of his amended motion for new trial are based upon the contention that it was the duty of the jury and not the court to make the determination as to whether the sentences fixed in the verdict rendered against the defendant were to run concurrently or consecutively, and that since the verdict of the jury in this case was silent as to such matter, the sentences imposed upon the defendant were to be served concurrently under the mandate of *Code Ann.* § 27-2510 (a) which provides as follows: "Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, such sentences shall be served concurrently unless otherwise expressly provided therein." This contention is without merit for the reason that the authority to make such determination is in the court and not in the jury, *Morris v. Aderhold,* 201 Ga. 533 (40 SE2d 747); *McLarry v. State,* 72 Ga. App. 864 (35 SE2d 378), and the judgment of the court in this case expressly provided that the sentences imposed upon the defendant were to be served consecutively. The defendant's motion to amend and modify the judgment and special grounds 4 and 5 of the motion for new trial are accordingly without merit.

2. "A ground of a motion for new trial which, in order to be understood requires a consideration of the evidence, must set forth the evidence relied upon or point out where in the record such evidence may be found." *Valdosta Coca Cola Bottling Works v. Montgomery,* 102 Ga. App. 440 (2) (116 SE2d 675). Special ground 1 which assigns error on the refusal of the court to charge certain written requests is too incomplete for consideration since said ground does not set forth the evidence which would authorize the charge requested, nor does said ground point out where in the record such evi-

dence may be found. *King v. Mayor &c. of Savannah*, 105 Ga. App. 701, 702 (125 SE2d 552).

3. The court's charge to the jury in this case was "comprehensive, inclusive, and covered the points of the case in a manner which would leave no incorrect ideas in the minds of the jurors," *Schell v. State*, 72 Ga. App. 804, 809 (35 SE2d 325), and special grounds 2 and 3 of the amended motion for new trial which assign error on two excerpts from the charge of the court as being confusing to the jury are without merit.

4. Under the evidence in this case it was a question for determination by the jury as to whether the commission by the defendant of the unlawful act of speeding in excess of the designated speed limit while participating in a contest of speed, commonly known as drag racing, was the proximate cause of the death of the five persons named in the individual counts of the indictment; and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED FEBRUARY 26, 1963—
REHEARING DENIED MARCH 14, 1963.

*Joseph B. Duke, Eva L. Sloan*, for plaintiff in error.
*George D. Lawrence, Solicitor General*, contra.

ON MOTION FOR REHEARING.

The indictment in this case differs from that in *Thacker v. State*, 103 Ga. App. 36 (117 SE2d 913) in that here it specifically alleges that the defendant while engaged in certain unlawful acts caused the two vehicles to collide, thus inflicting mortal wounds on the deceased. Such allegations overcome the deficiency pointed out in the *Thacker* case. This being true it became a matter of proof as to whether the unlawful act of the defendant was the proximate cause of the collision. The evidence on this point was sufficient to present a question for determination by the jury, as pointed out in Division 4 of the opinion.