### 40327.   PARKER v. ADAMSON.

DECIDED FEBRUARY 21, 1964.

---

*H. M. Hodges, Dan S. Cowart,* for plaintiff in error.

*J. T. Grice,* contra.

BELL, Presiding Judge. ■ The trial judge properly instructed the jury that the parties had stipulated: that the boundary in question was governed by a deed made by J. H. and J. E. Parker to S. H. Howard, S. C. Howard and C. A. Nobles (predecessors of Adamson) dated October 28, 1925, conveying 100 acres; that plaintiff Adamson and defendant Parker are now in possession of their respective tracts of land and they and their predecessors in title have been in possession since the making of the deed. The court correctly instructed the jury that they

should consider these stipulations "as being the truth and consider it as the truth in this case."

The land conveyed to Adamson's predecessor in the 1925 deed is described as bounded: "North and West by lands of said Howard, Nobles Company. South by Altamaha River, *and East by said sand slew to a certain water oak* and then by a line running north 68 degrees West to stake corner on Beards Bluff Public road 3 chains and then by said road to old line just north of what is locally known as the Lumber Yard. On said road, and known as the Western portion of a tract of land originally granted, to Joseph Clay, April 26th, 1875, covering Beards Bluff subject to present leases . . ." (Emphasis supplied.)

Because of the stipulations, the primary consideration in this case at the trial was reduced to the determination of the intention of the signers of the deed in 1925, and the judge so instructed the jury. On appeal this remains the cogent point. "In the construction of deeds the paramount, essential, and controlling rule is to ascertain the intention of the parties, and if that intention is plain and contravenes no rule of law, it should be given effect regardless of mere literal repugnancies in different clauses of the conveyance. The intention may be ascertained from the language of the deed as a whole and the surrounding facts." *Mitchell v. Spillers*, 203 Ga. 565 (1) (47 SE2d 564). "It is the duty of the courts to discover and give effect, if possible, to the intent of the parties." *Rainey v. Spence*, 185 Ga. 763, 766 (196 SE 416).

The judge charged the law applicable in 1925, now *Code* § 85-1302: "The beds of streams not navigable belong to the owner of the adjacent land; if the stream of water is the dividing line, each owner is entitled to the thread or center of the main current; if the current change gradually, the line follows the current; if from any cause it takes a new channel, the original line, if capable of identification, remains the boundary."

The trial court also charged the legal definition of a lake or pond, and instructed the jury that if they determined that the sand slough was, in its natural state, substantially at rest and within the definition given, that Adamson's land only extended to the low water mark on the western side of the pond the day of the execution of the deed.

The judge charged repeatedly these two definitions and clearly indicated that if the jury found the sand slough to be a stream, under the legal definition of a stream that he had given them, then "the boundary as given in the deed would extend to the main thread of the main channel or middle of the sand slough"; or if they found it to be a lake or pond, Adamson would own only to the low water mark of the sand slough on the western side.

There is ample evidence from which the jury could determine, as they obviously did, that in 1925 the sand slough was considered a stream.

Dan S. Howard, the surveyor who ran the line and drafted the deed in 1925, and W. A. Thompson, who also witnessed its execution, testified that there was a current sufficient to float timber during at least six months of the year. The defendant himself admitted that water flowed down the Big Ditch through the sand slough and into the river at least four months a year. "As was said in *O'Connell v. East Tenn. &c. R. Co.*, 87 Ga. 246, 247 (13 SE 489, 13 LRA 394, 27 ASR 246), 'a stream may be wholly dry at times without losing the character of a watercourse.' " *Pelham Phosphate Co. v. Daniels*, 21 Ga. App. 547, 556 (94 SE 846).

The deed description of the body of water as a "slew" or "slough" is also consistent with Adamson's contention and the jury's finding that it is a stream. "A slough is a side channel, inlet, or arm from a river. Webster's International Dictionary, 2d ed., p. 2369; 39 Words and Phrases, p. 523." *Gibbs v. Henderson*, 210 Ga. 126 (2) (78 SE2d 9). See also, 40 ALR 839, 852. As suggested in *Boardman v. Scott*, 102 Ga. 404, 417-418 (30 SE 982, 51 LRA 178), the name given to a body of water over a long period of time is a material factor in determining its nature.

Since the verdict is strongly supported by evidence, approved by the trial judge and in accordance with the law, it will not be disturbed by this court on the general grounds. *Miller v. Central of Ga. R. Co.*, 16 Ga. App. 855 (1) (87 SE 303); *White v. State*, 25 Ga. App. 554 (1) (103 SE 803).

■ In the first special ground on motion for new trial the

defendant complains of the admission by the court of the affidavit of W. A. Thompson, who assisted in marking off the land when it was sold in 1925. The affidavit was offered in evidence by the plaintiff under *Code Ann.* §§ 38-638, 38-639, and 38-640 (Ga. L. 1955, pp. 614-615). Defendant contends that the admission was prejudicial and that the testimony should have been taken by deposition, rather than affidavit, so that defendant would have had notice and would not have been deprived of his right of cross examination.

This ground has no merit.

All of the germane requirements of the relevant Code sections were met.

A doctor certified that the 77-year-old Thompson suffered from angina and that he was too old, infirm, and sick to attend court. The affidavit was properly captioned and recorded, and the defendant had legal notice of the affidavit.

Furthermore, since Thompson's testimony merely substantiated that given at the trial by Dan S. Howard, former surveyor and justice of the peace, who ran the land lines and drafted the deed in 1925, the admission of the affidavit was neither erroneous nor harmful to defendant. *Floyd v. State,* 95 Ga. App. 536 (3) (98 SE2d 161); *Terry v. State,* 15 Ga. App. 108 (3) (82 SE 635); *Cowart v. State,* 30 Ga. App. 289 (117 SE 663); *Trammell v. Shirley,* 38 Ga. App. 710, 723 (145 SE 486).

■ In the second ground of his amended motion for new trial, the defendant complains of the court's submission of two questions to the jury for its consideration. As submitted, the court did not require the jury to base its verdict on either of the questions. Nor were the questions weighted in any degree in favor of either of the parties. When viewed in the light of the charge as a whole, they could not have been harmful to either party. That this is true is borne out by the jury's verdict which was consistent with the evidence and the charge of the court and which differed from each of the points the court offered for the jury's consideration. Even if the submission of these points were erroneous, it was not harmful to the defendant nor helpful to the plaintiff. They amounted to nothing more than mere surplusage. This occasions no sensible ground for reversal.

■ Special ground 3 is incomplete in that it does not set forth the evidence which would authorize the requested charge, nor does it point out where in the record such evidence may be found. In addition, the ground does not show that the request was made before the jury retired to consider their verdict. *Code* § 81-1101; *Hooks v. State,* 215 Ga. 869 (4) (114 SE2d 6); *King v. Mayor &c. of Savannah,* 105 Ga. App. 701, 703 (125 SE2d 552); *Lee v. State,* 107 Ga. App. 484 (130 SE2d 814).

*Judgment affirmed. Hall and Pannell, JJ., concur.*