40815. CAGLE POULTRY & EGG COMPANY et al. v. BUSICK.

DECIDED OCTOBER 27, 1964.

*Martin, Snow, Grant & Napier, T. Baldwin Martin,* for plaintiffs in error.

*Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr., Harris, Russell & Watkins,* contra.

BELL, Presiding Judge. ■ The first special ground of the defendant's motion for new trial assigns as error the trial court's admitting in evidence four color photographs showing the plaintiff's wife's face with lacerations exposed and blood on it. The defendant based his objections to the admission of this real evidence on the grounds: (a) the witness attempting to offer the foundation for the admission of the photographs did not

make the photographs and was not present when they were made; (b) the purpose for introducing the photographs was to prejudice the jury and inflame their minds; and (c) each of the photographs showed practically the same thing and any one of them would have sufficed to answer plaintiff's stated purpose for offering them.

■ From early times the Georgia Supreme Court has followed a liberal policy toward the allowance of photographic evidence. See *Franklin v. State,* 69 Ga. 36, 42 (1) (47 AR 748); Green, The Georgia Law of Evidence, 202, § 86; and annotations in 9 ALR2d 899 and 73 ALR2d 760.

The plaintiff testified that according to his recollection the several photographs were correct and true representations of the "looks" of his wife in the hospital in Macon where she was taken right after the collision. Since the plaintiff was suing for the loss of consortium of his wife and because of the injuries she received in the accident, evidence tending to show the extent of her injuries was certainly relevant. Under these circumstances it is not a good ground of objection to the admissibility of the photographs that the witness whose testimony prepared the foundation for their admission was not present when the pictures were taken. *Toler v. State,* 213 Ga. 12 (3) (96 SE2d 593); *Hill v. State,* 201 Ga. 300, 307 (6) (39 SE2d 675); *Evans v. State,* 70 Ga. App. 500 (1) (28 SE2d 671); *Whaley v. Sim Grady Machinery Co., Inc.,* 107 Ga. App. 96, 98 (5) (129 SE2d 362).

■ Photographs tending to show a relevant and material fact are not subject to an objection that their admission in evidence would prejudice and inflame the minds of the jurors. "Photographs when properly identified by preliminary proof, as showing an accurate representation of an object which is material to the issue, are admissible. [Citations omitted.] The location of the wounds was material to the issue. [Citations omitted] . . . A relevant and material fact is not subject to an objection that it would inflame the minds of the jurors." *Bryan v. State,* 206 Ga. 73, 74 (55 SE2d 574), *Hill v. State,* 211 Ga. 683, 684 (3) (88 SE2d 145).

■ Whether any one of the four photographs offered in evi-

dence would have been sufficient to accomplish the plaintiff's stated purpose, is immaterial, and the admission of all of them does not constitute a ground requiring reversal. "That such evidence of payment was cumulative does not render it inadmissible; as more than one witness may testify to a fact, so there may be more than one document tending to prove a fact." *Warren v. Gray*, 90 Ga. App. 398, 402 (83 SE2d 86). The holding in the *Warren* case is sufficient authority to support the holding here that it does not constitute reversible error for a trial court to admit in evidence on the trial of a case more than one photograph tending to prove a fact.

There is no merit in special ground 1 of the defendant's motion for new trial for any of the reasons assigned.

■ The remaining special ground of the motion for new trial complains of a portion of the trial judge's instructions to the jury in which he charged as follows: "The plaintiff claims damages for diminished capacity to labor and work. . . If you find there has been an impairment in the capacity of the plaintiff to work and labor, in arriving at the amount of such damages for pain and suffering, consider the extent of the impairment, whether it has ceased or whether it is temporary or whether it is permanent or just how long it will continue into the future."

The defendants contend that the charge was erroneous for the reason that the plaintiff had not adduced evidence showing any permanent reduction in earning capacity and in fact had conceded that reduction in earning capacity was not an issue to be submitted to the jury.

The judge's charge was directed merely to the question of impairment of ability to work and labor as an element of pain and suffering which was fully authorized by the evidence. The instructions had nothing to do with *lost earnings*. There was no error in the charge. See *Porter v. Bland*, 105 Ga. App. 703, 707 (5) (125 SE2d 713); *Hunt v. Williams*, 104 Ga. App. 442, 448 (5) (122 SE2d 149); *McDuffie v. Tanner*, 108 Ga. App. 213, 217 (6) (132 SE2d 675).

"Impairment of ability to work and labor is an element of pain and suffering for which damages may be recovered by one

who is physically injured by the negligence of another. It is the fact of impairment or loss of ability to work, with or without compensation, that is to be considered by the jury in determining the amount to be allowed for pain and suffering, and no evidence as to earnings is necessary in such calculation, the only standard of measurement being the enlightened conscience of impartial jurors. . . It is the loss of *capacity* to work and labor, and not the loss of *earnings,* for which the plaintiff is entitled to compensation, as a part of pain and suffering, when physically injured by the negligence of another. . ." *Railway Exp. Agency, Inc. v. Standridge,* 68 Ga. App. 836, 837-838 (24 SE2d 504). See also *Myers v. Pearce,* 102 Ga. App. 235, 236 (8) (115 SE2d 842); and *Wright v. Lail,* 219 Ga. 607, 609 (135 SE2d 418).

This special ground is without merit.

■ The second special ground of the motion for new trial has been expressly abandoned.

■ The evidence having authorized a verdict for the plaintiff the trial judge did not err in overruling the general grounds of the motion for new trial nor in denying the defendant's motion for judgment notwithstanding the verdict.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*